George Tracy Rogers and Others, Suing on Behalf of Themselves and of Other Stockholders Similarly Situated, Plaintiffs, *v.* George J. Gould and Others, Defendants.

Supreme Court, New York County, March, 1923.

**Practice — testimony by deposition — notice must state issues — Civil Practice Act, § 290(4).**

Where notices to take testimony by deposition do not state the issues upon which the person is to be examined but only refer to paragraphs of the pleading, motions to vacate the notices will be granted.

Motions to vacate notices for examination of defendants before trial.

*Arthur M. Wickwire* and *Morris B. & Daniel W. Blumenthal,* for plaintiffs.

*Murray, Prentice & Aldrich,* for defendants.

Bijur, J.  These motions are directed toward vacating notices to examine various defendants in a derivative action brought by plaintiffs, stockholders, on behalf of a corporation to secure an accounting from certain of its directors.  The chief objection to the notice is that it does not state, as required by section 290, subdivision 4, of the Civil Practice Act, " the *issues* upon which such persons are to be examined."  The notices in this respect follow generally the form of recital:  " The issue raised by paragraph first of his answer heretofore served herein wherein each and every allegation contained in paragraphs first and second of the complaint is denied."  This form has been condemned in a number of decisions at Special Term in this department, and was criticised unfavorably in *Bamberger* v. *Cooke,* 181 App. Div. 805, prior to the passage of the Civil Practice Act, but the ground of the criticism is unaffected by that act.  Although the objection runs merely to the form of the notice, there is no reason why the precise requirement of the act should not be observed for the convenience of court, counsel and litigants.  The provision that the " issues " upon which the examination is to be held should be stated in the notice not only facilitates the examination and a review of the notice, if one be sought, but is a step toward a formulation of the issues which is necessary for an intelligent trial.  The practice adopted by the plaintiffs herein imposes upon both court and counsel the task of comparing the complaint and the answers paragraph by paragraph and endeavoring to ascertain therefrom what conclusions the examining party has in mind as to the actual issues raised by

28

these pleadings. The difficulty is emphasized in the instant case by the fact that the complaint is an extensive and elaborate bill in equity containing some forty long paragraphs. The answers are proportionately long and complex, many paragraphs consisting of partial admissions and partial denials appropriate to the differing status of the several defendants. Although plaintiff's practice has been approved in the third department in *Richmond* v. *Josephthal,* 203 App. Div. 281, I think that the rule in this department has always been to the contrary. It may very well be that the pressure of work in this district demands for the general facilitation of legal business a more precise form. A suggestion has been made by plaintiff's counsel that an amendment of the notice might be allowed under section 109 of the Civil Practice Act. Such an amendment may be within the power of the court, but I cannot see that any useful purpose would be subserved thereby. When the former practice of procuring orders to show cause for the examination of parties (which were granted practically as matter of course) was changed by the Civil Practice Act's addition of the simpler and easier notice for examination the need for any amendment in respect of that remedy seems to have fallen away in most instances. It is as easy for an attorney to serve a new notice upon his adversary under section 290 as it is to serve an order permitting an amendment thereof, and if a subpœna has been served upon a party in connection with the previous notice there might be serious doubt, to say the least, of its continued force after such amendment. The motions to vacate are granted.

Ordered accordingly.