STANDARD OIL COMPANY, Plaintiff, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Defendant.

Supreme Court, Kings County, February 26, 1927.

**Depositions — examination of plaintiff's employee and employees of others before trial — notices for examination do not seek evidence which is material and necessary within meaning of Civil Practice Act, § 288 — "special circumstances" clause not applicable — notices vacated.**

In this action for negligence, defendant may not examine plaintiff's employee as to information which will enable defendant to locate witnesses whom it hopes will be available sources of evidence to utilize on its behalf against the plaintiff under the general denials contained in defendant's answer. Nor may defendant examine employees of those other then plaintiff as to the names of possible witnesses to the accident whom defendant hopes may be favorable to it, since such evidence is not material and necessary for use upon the trial within the meaning of section 288 of the Civil Practice Act.

Therefore, since the examinations sought are not an adducing of evidence of the character contemplated by section 288 of the Civil Practice Act and since the "special circumstances" clause of said section is not applicable, the notices of examination must be vacated.

MOTION by plaintiff to vacate three notices to take depositions served by defendant.

*Bigham, Englar & Jones* [*Richard F. Shaw* of counsel], for the plaintiff.

*Courtland Palmer* [*Joseph M. Lovelace* of counsel], for the defendant.

CARSWELL, J. Plaintiff moves to vacate three notices to take depositions served by the defendant. One of these notices is directed to an employee of the plaintiff. The second is directed to the secretary of the Barber Steamship Lines, who it is claimed was the charterer or operator of the steamship *Egremont Castle*. The third is directed to one Moore and one Barbieri, employees of the Federal Mutual Liability Insurance Company, insurers of the Atlantic Stevedoring Co., Inc., which was loading gasoline onto the steamship *Egremont Castle* at the time an explosion occurred on June 24, 1924. The plaintiff was the owner of a cargo on board the *Egremont Castle* at the time the occurrence complained of happened, on June 24, 1924, and the defendant was engaged in making alterations on the steamship *Egremont Castle* at the time of the occurrence and is alleged to have caused the explosion in question.

The plaintiff claims the notices are insufficient upon their face

Supreme Court, February, 1927. [Vol. 129

in that they do not state the issues with regard to which examination is sought. Plaintiff relies upon *Rogers* v. *Gould* (120 Misc. 433). That case is obsolete as a result of an amendment (Laws of 1923, chap. 205) to section 290 of the Civil Practice Act, which now requires a statement of the " matters " with reference to which examination is sought.

The defendant has interposed a general denial to the complaint herein and sets out no affirmative defenses.

1. As to the examination of the plaintiff through its employee, the defendant does not seek to examine the plaintiff with respect to any matter upon which the defendant has the affirmative. It merely seeks " information " which will enable it, it hopes, to locate witnesses whom it hopes will be available sources of evidence to utilize on its behalf against the plaintiff under the general denials contained in the defendant's answer. Under the cases no such examination of the plaintiff may be had by the defendant. The notice has a typographical error in the first line, in that it refers to plaintiff. Yet the notice is served on behalf of the defendant, and is intended to refer to an examination by the defendant of the employee of the plaintiff. What it seeks to obtain is the results of the investigation made by the plaintiff's employee after the happening of the accident, so as to have the plaintiff's investigation available for the uses and purposes of the defendant.

If Nugent is sought to be examined as an employee of the plaintiff, an examination may not be had for the reasons indicated. If he is sought to be examined as an employee of some other concern, then the notice with regard to him is upon the same plane as the other two notices.

2. The examination sought of the employees of the Federal Mutual Liability Insurance Company and the Barber Steamship Lines is sought to be justified under the last ground for the examination of persons other than parties as witnesses under section 288 of the Civil Practice Act, and particularly that portion which authorizes the examination of such a person under the phrase, " or other special circumstances render it proper that his deposition should be taken."

The information the employees of these other parties have, if they have any, is, in whole or part, information which came into being by reason of the plaintiff proceeding with diligence and having investigation made immediately after the happening of the accident. If the plaintiff confined its investigation to the use of its own employees as the instrumentalities, then under the cases no such examination as is here sought could be had of the plaintiff through those employees. If the plaintiff saw fit to use an outside

instrumentality to effect such an investigation, those outside instrumentalities should not be subjected to any different rules from that which would apply if the instrumentalities were the employees of the plaintiff. These notices do not seek evidence which is material and necessary under section 288 of the Civil Practice Act, to use upon the trial. It merely seeks information with respect to the names of possible witnesses, whom defendant hopes may be favorable to it.

It is not claimed that any of those sought to be examined were personally present and can state of their own knowledge who else were present at the time of the happening. The examination seeks hearsay with respect to that point. Such testimony would not be admissible upon the trial. But the defendant says that if it is not given the benefit of this fishing excursion that it is put unfairly in a position of great disadvantage. The defendant was in as good a position to make an investigation immediately after the happening of the accident as was the plaintiff, and it was free to use instrumentalities similar to those which the plaintiff used. If it did not do so, it may not capitalize the plaintiff's diligence for its own advantage, and if it did so it may not add to the information it obtained on its own investigations, information which plaintiff has caused to be obtained as a matter of diligent investigation.

Likewise, to allow the examination may result in complications with respect to these other concerns whose employees are sought to be examined. They may become involved in suits involving the same incident, and are entitled to the benefit of their own diligence, free from being subjected to examination that could not be had in actions in which they would be parties, where they had the burden of proof on the particular matters concerned. For instance, one of those concerns is the insurer of the Atlantic Stevedoring Company. That company may be subjected to suit, and whatever this instrumentality or the Atlantic Stevedoring Company did should not be gone into in this action on a basis that would destroy their rights in their own actions, if there be any possible maintenance against them or brought by them.

The special circumstance clause of section 288 of the Civil Practice Act does not cover the situation of the defendant herein, and the examination sought is not an adducing of evidence of the character contemplated by section 288 of the Civil Practice Act.

The motion to vacate the notices of examination is granted in all respects.