CLIFFORD E. CASWELL, as Administrator of the Estate of AUDREY M. CASWELL, Deceased, Plaintiff, *v.* UNITED AIR LINES, Defendant.

Supreme Court, Special Term, Albany County, April 15, 1948.

*Arthur E. Ames* for plaintiff.

*Jeffery & Murray* for defendant.

BOOKSTEIN, J. Plaintiff's intestate was a passenger on a regularly scheduled flight on a plane owned and operated by the defendant corporation, on June 29, 1947, and was killed as a result of a crash landing of the plane at or about the time of its take-off at LaGuardia Field in New York City and this action is brought to recover damages for the alleged wrongful death of plaintiff's intestate due to the alleged negligence of the defendant.

Plaintiff moves to examine the defendant before trial by its president, pilot, mechanic, dispatcher and/or other person or persons with knowledge of the facts to testify as to certain matters which it claims are material and necessary to the establishment of the plaintiff's prima facie case.

Defendant opposes the application for an examination on several grounds, to wit, that the pilot of the plane is no longer an employee of the defendant but is employed by the United States Government in Germany and therefore is not required to be produced by the defendant under the Civil Practice Act; that the motion in effect seeks a general examination of the defendant which is not permissible in a negligence action; that, in any event, plaintiff's motion should be denied, so far as it requires testimony of the knowledge of the pilot which is sought for in most of the paragraphs listed in the notice of motion; that testimony to be adduced in order to obtain evidence of negligence is not properly obtainable, upon an examination

before trial, and maintains that, for all of the reasons thus enumerated, the request for the production of records, books, regulations, reports and other writings should be denied; that if the examination should be granted in any respect, the defendant should be required to produce only such records, books or regulations in existence prior to the accident for the purpose of refreshing the recollection of the witnesses; that reports and other writings relating to the accident should not be required to be produced because evidently they are reports and writings made after the accident and would not be permissible in any event and that any reports and writings which might have been made prior to the accident and which are confidential intercompany writings and reports should not be required to be produced.

Defendant's claim that the pilot is no longer in its employ and is now employed by the United States Government in Germany is not contradicted. Obviously, since the pilot is no longer in the employ of the defendant, the defendant cannot be required to produce him for examination. (*Goepp* v. *American Overseas Airlines, Inc.*, 72 N. Y. S. 2d 862.)

With respect to the remaining objections raised by the defendant, it must be conceded that an examination of the authorities sustain them in part. Nevertheless, this court is constrained to grant plaintiff's motion.

It must be recognized that there is a vast difference between a situation where an airplane crashes with fatal results to most, if not all, of the passengers and the ordinary negligence action involving collisions between vehicles or pedestrians or accidents occurring on real property. Ordinarily, it is not necessary to examine the defendant to establish his negligence. The same can not be said to be true where a claim is asserted against a commercial airline. In the case of a commercial airline, even if there are survivors as a result of a crash, such survivors are laymen with no technical knowledge of the condition of the plane or its management and operation. Such knowledge is usually exclusively within the possession of the defendant and not in the possession of a survivor and certainly not in the possession of the representative of one who was killed in an airplane crash. If negligence there was, and proof thereof can be obtained by an examination of the defendant, neither a survivor nor the representative of a deceased person should be precluded from a right to recover by reason of restrictions upon an examination before trial of a defendant that are

sometimes applied to the ordinary negligence case. The matter of the inspection of the plane before taking off on its flight, the condition of the plane and its parts, the weather reports received by the operator of the plane, whether or not there should have been a take-off at the particular time and place or on a particular runway, and other matters almost solely within the knowledge of the defendant and in the nature of things almost wholly impossible for the injured person or the representative of the deceased person to know, should be permitted to be established through the medium of an examination before trial.

The fact that interoffice communications of the defendant may reveal the evidence of negligence and perhaps even the witnesses by whom it can be established, should not, in the case of an airplane crash, preclude the examination nor should plaintiff be precluded from requiring the production of reports and writings relating to the accident made after the event.

If there was no negligence which caused the death of plaintiff's intestate, neither the examination of the witnesses or of the documents and records mentioned will reveal any and no harm can come to the defendant by such examination; if negligence there was, then the damages sustained by reason of the negligence, resulting in the death of plaintiff's intestate, should not go unrequited, by the extension to accidents on commercial airlines, of the limitations placed upon examinations before trial in ordinary negligence actions. Such limitations may have a sound basis in the ordinary negligence action which does not exist in the case of an accident involving the crash of a commercial airliner.

This court is not unmindful of the fact that in *McNamara* v. *New York State Railways* (129 Misc. 130) and in *Standard Oil Co.* v. *Morse Dry Dock & Repair Co.* (129 Misc. 571) applications for examination before trial seeking "information" which would enable the moving party to locate witnesses, who might be available sources of evidence were denied as were the applications for examination of reports or accounts of the accident made by employees.

But, nevertheless, this court feels that the reason for the decisions in those cases, do not apply here.

Indeed, a general examination before trial, on the question of negligence, has been permitted, where the plaintiff was rendered unconscious, and, of necessity, had to prove any negligence through the drivers of the two vehicles which had collided. (*Swift* v. *General Baking Co.*, 129 Misc. 135.)

If a general examination is justified in such case, it is far more so in such a case as this.

If it can be said that this determination is a departure from the usual rules applicable to negligence cases, the answer is that such departure' is justified by the very nature of the operation of a commercial airplane and an accident involving one. The statutory purpose of an examination before trial is without efficacy, if it is to be denied for the reasons asserted by defendant in a case involving injury or death as a result of an accident while one is a passenger on a regular flight of one of the duly licensed commercial airliners.

Plaintiff's motion is granted in all respects, except as to any requirements for the defendant to produce the pilot of the airplane involved.

Submit order accordingly.