HELEN L. ZDONCZIK, as Administratrix of the Estate of JOSEPH ZDONCZIK, Also Known as JOSEPH ZDON, Plaintiff, *v.* PENNSYL-VANIA & SOUTHERN GAS COMPANY, Individually and as Successor to the GAS LIGHT COMPANY OF WAVERLY, Defendant.

Supreme Court, Special Term, Tioga County, August 16, 1962.

*Andrew F. Siedlecki* for plaintiff. *Night, Keller & Birch* (*Walter J. Relihan, Jr.,* of counsel), for defendant.

HOWARD A. ZELLER, J. This is an action for wrongful death. At an examination before trial of William De Vore, one of defendant's officers, he refused to disclose certain information sought by plaintiff. By motion, plaintiff seeks to compel defendant to disclose the information sought.

The factual situation — as plaintiff believes it to be — is here set forth. Decedent, Joseph Zdonczik, was an employee of the Village of Waverly Water Department. One of his duties was to remove a cover to a large pit, descend into it and read a meter which measured the flow of water to a neighboring municipality. Defendant is a vendor and distributor of gas for heating and commercial purposes. One of its gas mains runs within 18 inches of the water-meter pit. The basement area of Ropp's Silver Grill begins 18 feet from the pit.

In January, 1960, defendant engaged Heath Consultants to inspect and survey the gas mains in the immediate vicinity of the water-meter pit. A written report which revealed at least one gas leak was submitted to defendant by Heath Consultants.

Early on April 26, 1960, defendant received a complaint of the odor of gas in the cellar of Ropp's Silver Grill. Entries were made on a complaint card and a serviceman dispatched to investigate. Before he arrived in the vicinity, decedent descended into the pit to read the meter. Within minutes there was an explosion from the pit and decedent emerged with his clothing in flames. He died the following day survived by a widow and children. Within an hour or two after the explosion defendant commenced an investigation in the vicinity of the pit and completed it three days later.

Plaintiff further believes and alleges that defendant owned the gas mains and pipes in the area of the water-meter pit, negligently failed to manage, inspect and repair them, and permitted gas to escape into the pit which exploded causing the decedent's injuries and death. Defendant denies these allegations and affirmatively alleges decedent's contributory negligence.

The information defendant refused to disclose upon the examination before trial falls into these categories: (1) the Heath Consultants' report made four months prior to the explosion; (2) the post-accident notations entered on the Ropp complaint card; and (3) the nature and result of the investigation commenced directly after the accident and completed within three days.

Upon the oral argument, defendant's counsel conceded plaintiff's right to the report of Heath Consultants. Defendant opposes disclosure of the other information sought upon the

grounds that it is "immaterial", would constitute "fishing expeditions into private files" and that "the results of defendant's post-accident investigation, prepared in part for litigation, constitute privileged matter".

Any evidence concerning the presence of escaped gas before the accident or immediately afterwards or pertaining to the existence of any leaks in the main is not "immaterial". Such evidence is crucial to the issues in this action.

Statements taken or findings made by defendants' agents and employees in preparing to defend a claim interposed or likely to be interposed have been shielded from pretrial inspection and disclosure. (*Fibron Prods.* v. *Hooker Chem. Corp.*, 26 Misc 2d 779.) But records of reports and statements of defendants' employees pertaining to an accident made in the regular course of their employment are not privileged communications. (*De Vito* v. *New York Cent. R. R. Co.*, 32 Misc 2d 494, affd. 3 A D 2d 692.)

The post-accident report of the Ropp complaint and the nature and record of defendant's immediate investigation into the accident were made in the regular course of the business of a public utility investigating an accident. They are not privileged and should be disclosed to plaintiff.