G. Robert Witmer, J.
Under an accident and sickness insurance policy issued by defendant to plaintiff, defendant paid plaintiff $100 weekly for many weeks because of plaintiff’s claim of disability. The policy provides: “examination — The company shall have the right and opportunity to examine the person whose injury or sickness is the basis of claim when and so often as it may reasonably require during the pendency of any claim hereunder. ’ ’
Pursuant to said provision in the policy for examination of plaintiff, defendant had several examinations of plaintiff by physicians it employed. It then advised plaintiff by letter that in view of reports which it had received from Dr. Crimmings and Dr. Geib who examined plaintiff for defendant, it determined that plaintiff had no more “ causally related disability ”, and that it was ceasing to make further payments to plaintiff under the policy.
*326 Plaintiff then instituted this action; and he seeks an order to compel defendant to permit him to discover and inspect the said reports to defendant made by the two doctors.
Plaintiff submits no authority in support of his application. Defendant relies upon Swiatlowski v. Kasprzyk (3 A D 2d 261) as indicating disapproval of the present application. That case, however, involved section 306 of the Civil Practice Act, and the court held that said section should not be limited by imposing the condition that the defendant give to plaintiff a copy of the physical examination had of the plaintiff. The other Departments of the State have not been in accord with the Swiatlowshi case (see Padilla v. Damascus, 16 A D 2d 71 [1st Dept.]; Tutone v. New York Cons. R. R. Co., 189 App. Div. 954 [2d Dept.]; Del Ra v. Vaughan, 2 A D 2d 156 [3d Dept.]); proposals have been made to change the ruling of the Swiatlowshi case by statute; and it is doubted that the Fourth Department will extend the principle to a case such as is here presented.
It is recognized that these doctors ’ reports may not be 1 ‘ evidence in chief ” (Urbina v. McLain, 4 A D 2d 589, 590) and that “ Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves ”. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29.)
The reports in question do not constitute defendant’s work product obtained in preparing to defend this lawsuit, which, of course, plaintiff should not have. (See Zdonczik v. Pennsylvania & Southern Gas Co., 35 Misc 2d 735, 737; Kantor v. Nationwide Life Ins. Co., 23 Misc 2d 988; and cf., Mudge v. Hughes Constr. Co., 16 A D 2d 106; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692.) They do constitute part of the factual basis for defendant’s decision to discontinue payments under the policy.
The information upon which defendant made that decision was obtained from plaintiff through defendant’s agents, said two doctors. The reports by said doctors very likely include and depend in part upon statements made by the plaintiff to them in the course of their examinations of plaintiff. It has often been held that statements (signed or unsigned) by a plaintiff to a defendant or its agents concerning the subject matter of the cause of action are subject to discovery and inspection. (Wilhelm v. Abel, 1 A D 2d 55; Totoritus v. Stefan, 6 A D 2d 123; Mead v. New York Cent. R. R. Co., 9 A D 2d 861; Stella v. Eastman Kodak Co., 12 A D 2d 890; Chertoff v. Gagola, 15 A D 2d 873; Stumer v. Cook, 16 A D 2d 735.) These cases are, there *327 fore, authority for permitting the discovery and inspection of the doctors’ reports in question.
The expeditious handling of trials requires that both parties have access to the essential facts involved; and in furtherance of that principle the courts have moved away from former conservative preliminary trial practices. In my judgment the discovery and inspection herein sought should be granted in the interests of justice and expedition of the trial. The motion is therefore granted.