Richard D. Simons, J.
Defendant moves to vacate a notice of examination before trial served on the defendant by the plaintiff seeking the oral deposition of D. A. Van Ornam, an employee of the Police Department of the City of Syracuse.
Van Ornam is a policeman who was assigned to investigate an accident involving the plaintiff and a vehicle owned by defendant. He arrived at the scene subsequent to the accident, investigated and made out a police report. Plaintiff urges that he is subject to examination as an employee of a party to the action (CPLR 3101, subd. [a], par. [1]).
Municipal corporations, by their employees, are subject to examination before trial, the same as any other corporate party. (Hammel Station Estates v. City of New York, 184 Misc. 859.) This was made clear by section 292-a of the Civil Practice Act added in 1941 permitting the examination of employees of public corporations. The distinction between public and private corporations has been eliminated entirely in the Civil Practice Law and Rules.
The defendant raises two objections to this examination. First, that the adoption of a rule allowing the examination of police officers would result in a great loss of time by employees of the department and inconvenience to the city. This argument was specifically rejected in City of Buffalo v. Hanna Furnace Corp. (305 N. Y. 369, 378). Second, defendant urges that this information is 1 ‘ confidential ’ ’, presumably meaning that it is within the prohibition of subdivision (d) of section 3101 of the Civil Practice Law and Rules. The plaintiff, in a short affidavit, seeks an unlimited right to examine. His notice of examination reads as follows: “ Please take notice that a deposition of D. A. Van Ornam, an employee in the police department of the above named defendant will be taken before a referee at 806 State Tower Building, in the City of Syracuse, Hew York at 2:00 in the afternoon on the 6th day of February, 1964.”
The courts in construing the discovery statutes have allowed limited rights to examine parties concerning knowledge obtained *1062 by investigation subsequent to the accident. (Caswell v. United Air Lines, 191 Misc. 941.) Clearly, statements obtained by the defendant in preparation to defend against the claim, may not be inspected by the plaintiff. (CPLR 3101, subd. [d], par. 2; White v. Sibley, Lindsay & Curr Co., 283 App. Div. 1007.) However, in the proper pretrial preparation of an action, reports and statements of defendant’s employees pertaining to an accident made in the regular course of their employment may be examined by the plaintiff. (De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; Zdonczik v. Pennsylvania & Southern Gas Co., 35 Misc 2d 735, affd. 18 A D 2d 749.) Investigation information obtained prior to the filing of the claim is available to the plaintiff. (Surmanek v. State of New York, 18 Misc 2d 343.)
Van Ornam, as a police officer, was acting in a dual capacity. Police officers are called upon daily to investigate accidents for the purpose of determining whether or not there is criminal responsibility or as a service to the public generally, in the normal course of their duties. The parties admit that if the city was not a party defendant, this information would be readily accessible in an action between two private individuals. This accident involved a city-owned vehicle and Van Ornam’s investigation assumed added importance because he was an employee of the city against which a claim was subsequently filed.
The statute favors pretrial disclosure. The tendency has been to enlarge the permissible use of this valuable legal tool. It is restricted to protect information obtained in preparing a party’s case, but Van Ornam was doing no more than he would do or should do in investigating any accident in the normal performance of his duty. I see no reason why the plaintiff’s rights should be less or the defendant’s rights greater because of the fortuitous circumstances that the city happens to be a party defendant. If there is a valid cause of action, then the plaintiff should not be denied evidence obtained in the normal course of Van Ornam’s duties, which will contribute to the just determination of his claim.
Plaintiff’s notice of examination is stated in broad general terms. Buie 3107 of the Civil Practice Law and Buies does not require the enumeration of matters upon which the person is to be examined. However, the subject matter of the examination is limited in accordance with this decision. Motion denied.