D. Ormonde Ritchie, J.
This is a motion by defendant for a protective order directed to a notice served by plaintiffs for discovery and inspection. In an affidavit in opposition to defendant’s motion, plaintiffs strenuously urge its denial upon the ground that defendant’s notice of motion was not served within the five-day limitation of time specified in CPLR 3122.
The body of plaintiffs’ notice for discovery and inspection is in the following language: “ Please take Notice, that the plaintiff demands that the defendant forthwith produce, discover, disclose and give to the plaintiff true copies of any and all written statements and reports in any way relating to the accident that occurred on the 16th day of November, 1962, obtained from any and all employees of the said defendant, prior to the institution of the above action. This demand is made pursuant to section 3101 et sq. of the CPLR.”
CPLR 3120 in pertinent part provides: “ After commencement of an action, any party may serve on any other party notice: 1. to produce and permit the party seeking discovery, or some *440 one acting on his behalf, to inspect, copy, test or photograph any specifically designated documents or any things which are in the possession, custody or control of the party served, specified wth reasonable particularity in the notice * * * The
notice shall specify the time, place and manner of making the inspection, copy, test or photograph or the entry upon the land or other property.”
Plaintiffs’ notice is wholly at variance with the provisions of CPLR 3120.- The documents sought to be inspected are not specifically designated with reasonable particularity nor does it specify the time, place and manner of making the inspection. In Rios v. Donovan (21 A D 2d 409, 413), the court stated “ CPLR 3120 permits the discovery of specified papers and documents, and its hallmark is a specific designation in the notice.” (Emphasis supplied.)
Under the Civil Practice Act discovery and inspection could only be directed by order of the court (Civ. Prac. Act, § 324) and the party seeking discovery and inspection was compelled to proceed by service of a notice of motion therefor. CPLR 3120 was designed to simplify the procedure for obtaining discovery and inspection by the elimination of the requirement of obtaining an order and by permitting discovery and inspection pursuant to service of a notice. In the Sixth Report to the Legislature Relating To The Revision of the Civil Practice Act (p. 321), it was stated that the tentative draft of rule 3120 be amended by adding the word “ specifically ” before the word “designated” and the words “specified with reasonable particularity in the notice ” to prevent the service of “ blunderbuss ” notices.
A cursory examination of the words descriptive of the documents directed to be produced reveals that the notice is not of the ‘ ‘ blunderbuss ’ ’ category sought to be prevented. Plaintiffs ’ notice is one of “ broadside ” variety.
CPLR 3122 provides ‘ ‘ Within five days after service of a notice under rule 3120 or section 3121, a party may serve a notice of motion for a protective order, specifying his objections.”
The plaintiffs insist upon strict application of the provisions of CPLR 3122 imposing a five-day limitational period upon defendant to attack the notice served by plaintiffs urging that non-compliance with the provisions of CPLR 3122 precludes defendant from relief. The position taken by plaintiffs is difficult to comprehend when viewed in the light of the deficiencies of the notice and its total noncompliance with the directions of CPLR 3120. The language of CPLR 3122 is significant. It reads in part 11 Within five days of service of a notice under *441 rule 3120 ”. The language must be interpreted to imply that the notice substantially complies with CPLR 3120. If the notice is totally in disregard of the provisions of CPLR, it cannot be said to be a notice under the rule.
While the courts have been insistent in the strict application of the five-day limitation prescribed in CPLR 3122, there have been indications of relaxation. In Coffey v. Orbachs (22 A D 2d 317) a notice seeking discovery and inspection under CPLR 3120 was served by plaintiffs. No protective order was sought by defendants under CPLR 3122. Plaintiffs then proceeded under CPLR 3124 for an order to compel disclosure. Defendants opposed the application and in an affidavit attacked the propriety of the items in the notice. The court held that defendants’ attempt to assail the propriety of the items of the notice came too late and was impermissible and inappropriate upon plaintiffs’ motion under CPLR 3124. To this point the impact of the court’s language indicated denial of relief to defendants.
Yet the court considered CPLR 3101 (subds. [b], [c]), and stated that the papers and documents sought to be discovered and embraced in items 4 and 5 of plaintiffs’ notice were those papers and documents permissible of discovery and inspection under the limitations of CPLR 3101 and excluded those documents and papers specifically barred from discovery and inspection under CPLR 3101 (subds. [b], [c]), and directed that discovery and inspection proceed in conformation with the opinion. In final analysis, the ruling of the court did grant defendants a measure of relief.
This court does not interpret the ease and facility permitted by the CPLR to obtain discovery and inspection to relieve applicants from all restrictive provisions of the CPLR relative to procedure and scope.
For the reasons stated, the motion is granted with leave to plaintiffs to serve a new notice in conformance with CPLR 3120.