Domenick L. Gabrielli, J.
In this automobile negligence action, the plaintiffs, in connection with an examination before trial, have served the defendants with a notice for a discovery and inspection. It is alleged that the individual defendant was operating an automobile owned by the corporate defendant while in its employ and in its business. The plaintiffs’ notice seeks, (1) to require the defendants to produce evidence relative to the scope of the driver’s employment and, (2) to produce, pursuant to CPLR 3111, a copy of reports made by the operator to her employer, regarding the accident.
The defendants seek a protective order pursuant to the provisions of CPLR 3103, 3122.
The corporate defendant has admitted that the automobile was being operated by the individual defendant with its knowledge and consent. Under these circumstances, all questions relative to the scope of employment are not relevant to the issues and the defendants’ motion in this regard, is granted.
The second issue upon this motion, however, presents an entirely different matter. Can the defendants be required to produce copies of statements and reports made by the individual defendant in the regular course of business to her employer, the corporate defendant?
*1007 At the outset, it is clear that this is not a case involving the discovery and inspection of a statement given by an insured to an insurer. If such were the case, regardless of whether the statement had been given prior or subsequent to the commencement of suit, the application would be denied. (See Kandel v. Tocher, 22 A D 2d 513; Finegold v. Lewis, 22 A D 2d 447.)
The plaintiffs have requested that the defendant Eastman Kodak Company produce “ a copy of the report made by its employee, Mary E. Schwartz, or its investigator in the scope of his employment to the defendant Eastman Kodak Company regarding the accident between plaintiffs and the defendants on September 17, 1963.” It is important to here note that the reports sought are those made to the defendant corporation and not to any insurance carrier. Of significance is the fact that what plaintiffs are seeking is a copy of the reports ‘ ‘ made * * * in the scope of his employment” to the Eastman Kodak Company.
In this connection we must and do assume that such reports are made in the regular, course of its business in situations of this kind and in accordance with regulations; and that these investigations, reports and statements result from the regular internal operation of the enterprise. As was said in Kandel v. Tocher {supra, pp. 515-516): “ Such material serves many purposes in the conduct of the enterprise, including perhaps eventual use in any litigation which may ensue. Thus, the material resulting from an investigation made by a public utility in connection with an accident occurring in its operation may be a part of the regular business of conducting the utility. The purpose is not limited to, or even predominantly that of, preparing for a litigation risk. On the contrary, the purpose may be to prevent future accidents, discipline careless employees, or, generally, to increase the economy and efficiency of the operation. In that situation the preclusive provisions of the disclosure statutes do not apply.” (See, also, Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918; Mudge v. Hughes Constr, Co., 16 A D 2d 106; Scheer v. City of Syracuse, 41 Misc 2d 1060; Zdonczik v. Pennsylvania & Southern Gas Co., 35 Misc 2d 735, affd. 18 A D 2d 749; Walker v. Erie-Lackawanna R. R. Co., 43 Misc 2d 1098.)
The motion to strike plaintiffs’ request for the discovery and inspection of the reports and statements made to the corporate defendant, is denied. The order shall contain a recital that this discovery and inspection shall be limited to those reports and statements, given to the employer, as have been made in the regular course of business only.