Frank J. Kronenberg, J.
The defendant has moved this court for a protective order in respect to a notice of examination before trial served upon the defendant which contains certain recitals relative to the production of ‘ ‘ all statements and reports made by said employee to said Defendant concerning the happening which is the subject matter of this action and to produce any and all statements and reports made to the Motor Vehicle Bureau concerning the same.”
Examination of the cases indicates that in the development of the law of discovery very recently the courts of this State have permitted the examination of reports by the operator of certain motor vehicles and omnibuses and common carriers made in the regular course of business.
Originally the statements given under any circumstances following an accident were not available for discovery. However, the rule now appears to be, since the enactment of the new Civil Practice Law and Rules, that statements given in the ordinary course of business even following the accident are proper subjects of discovery providing they are not attorneys’ work products and given subsequent to suit.
This has been applied specifically in cases where the defendant in particular has an institutionalized claim department or operation to which the reports are made in the ordinary course of business or in the case of individual drivers where some special circumstance might arise. (Scheer v. City of Syracuse, 41 Misc 2d 1060; Bloom v. New York City Tr. Auth., 20 A D 2d 687; and the 4th Dept. affirmance of a lower court decision in Cimino v. Rochester Tr. Corp., 23 A D 2d 968.)
This court feels that the law in the ease before us is that, in the case of a common carrier or other organization of such *245 complexity that it maintains its own claim investigation department or safety department or similar department, agency or category, such as a municipal corporation or an organization which maintains a number of vehicles or a number of operations over which it would be reasonably assumed that reports of the maintenance of the vehicle, device, equipment or plant would be regularly kept up or should be regularly kept up whether for insurance or other purposes, a report made immediately after the accident in the regular course of business would be subject to discovery and in addition if no such report is promptly made then the first report made of whatever nature prior to the institution of proceedings. Although admittedly the notice of examination is vague, general and all-encompassing, this court upon reargument would not be disposed to give any more than this.
Therefore to this limited extent, the statement or statements made immediately following the accident shall be the proper subject of the subpoena and to this limited extent the motion of the defendant for a protective order is denied and the balance of said motion is granted.