Lawrence H. Cooke, J.
In this negligence action in which plaintiffs seek damages for personal injuries, defendant moves: (1) to vacate a notice served upon it calling for the production of and the right to inspect a report made by defendant’s employee; and (2) for an order directing one of the plaintiffs *457 to submit to a physical examination by a physician in the county where the action is to be tried.
Plaintiffs contend that, insofar as their notice was for discovery and production of a document pursuant to CPLB 3120 and defendant not having moved for a protective order within the five-day period specified in CPLR 3122, defendant has waived its right to object to the notice. As a general proposition, if a party fails to move within the period prescribed by CPLR 3122 for a protective order against improper demands by his adversary for the discovery and production of documents and things under CPLR 3120 or for a physical or mental examination under CPLR 3121, said party waives his right to object, but the failure to object by timely application does not enable the adversary to secure disclosure of items CPLR 3101 excludes (Coffey v. Orbachs, Inc., 22 A D 2d 317, 319; Hable v. Anderson, 47 Misc 2d 318, 319; Mustapich v. Huntington School Dist. 3, 46 Misc 2d 439, 440-441; Supplementary Practice Commentary by Professor Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 71, 1965 cumulative pocket part; cf. Farone v. Korey Motors, 44 Misc 2d 565).
Movant contends that the report is “ work product and material prepared for litigation ” and therefore protected under CPLR 3101 (subds. [c], [d]). The protection afforded by CPLR 3101 (subd. [c]), regarding attorney’s work product, covers only those materials prepared by the attorney, acting as an attorney, and containing his analysis and trial strategy (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.44, 3101.45). The term attorney’s work product is self-explanatory (Carmody-Forkosch, N. Y. Prac., p. 579) and an attorney cannot convert by retroactive adoption the independent work of another already performed into his own (Montgomery Ward v. City of Lockport, 44 Misc 2d 923, 924). Clearly, the report of defendant’s employee, not prepared by defendant’s attorneys and not containing their analysis and trial strategy, is not attorney’s work product.
Whether an internal business report is designed for use in litigation may be a close question (Supplementary Practice Commentary by Professor Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 13, 1965 cumulative pocket part; N. Y. Legis. Doc. 1957 No. 6 [b], p. 120), as is the situation here. While CPLR 3101 (subd. d) affords a qualified or conditional privilege to any material prepared for litigation, thus allowing a broad spectrum for judicial interpretation (39 St. John’s L. Rev., p. 447), records kept in the regular course of business and, therefore, admissible under the hearsay exception of CPLR *458 4518, are not protected by CPLR 3101 (snbd. [d]) because they are not prepared for litigation (Stewart v. Roosevelt Hosp., 22 A D 2d 648; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.50) and the great weight of authority permits the discovery of accident reports made in the regular course of business by an employee to an employer (Metropolitan Life Ins. Co. v. Klinow & Co., 23 A D 2d 646; Kandel v. Tocher, 22 A D 2d 513, 516; Rios v. Donovan, 21 A D 2d 409, 412; Bloom v. New York City Tr. Auth., 20 A D 2d 687; Davis v. Eastman Kodak Co., 45 Misc 2d 1006; Walker v. Erie-Lackawanma R. R. Co., 43 Misc 2d 1098; Scheer v. City of Syracuse, 41 Misc 2d 1060; 1062; Zdonczik v. Pennsylvania & So. Gas Co., 35 Misc 2d 735, 737, affd. 18 A D 2d 749; De Vito v. New Torh Cent. R. R. Co., 32 Misc 2d 494, 495-496, affd. 3 A D 2d 692; 3 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3101.50a).
We are not concerned here with a report given to a liability insurance carrier (cf. Cohen v. Hardy, 23 A D 2d 793). Where an accident report made by an employee to his employer in the regular course of business is also designed to provide information in case of possible litigation, it should be deemed to be in the former category for disclosure purposes so as to be available for disclosure regardless of the provisions of CPLR 3101 (subd. [d]) (Kandel v. Tocher, 22 A D 2d 513, 515-516, 516-517, supra-, Supplementary Practice Commentary by Professor Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, pp. 12-13,1965 cumulative pocket part; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.50). A record prepared in the regular course of business is subject to disclosure not because it is then admissable at the trial as a business entry, but because such a finding is inconsistent with a determination that it was prepared solely for litigation (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 31-49).
Renczkowski, defendant’s employee, testified at an examination before trial that it was one of his duties as a security officer to make reports of any accidents that occurred on the premises and that he made a report of the accident in question. In answer to the question: ‘ ‘ And did you file this report with your employer”, he responded: “ Well, we were notified that in the case of an accident our reports should be made out to Mr. Gold-stein.” The “Mr. Goldstein” referred to, one of defendant’s firm of attorneys, has submitted an affidavit stating that ‘ ‘ since your deponent has become general counsel for the Concord Hotel, it has become a matter of custom and practice, and pursuant to the directions of your deponent, that following any accident a report thereof, in writing, is to be submitted to your *459 deponent as soon as convenient, in order to prepare for litigation which certainly experience has demonstrated, follows, as each guest who claims any injuries seeks to recoup or recover his board or charge for the accommodations furnished at the defendant’s hotel. ’’
The chief difficulty in determining the close question presented is the lack of information. There is no proof as to whether the report was delivered or forwarded directly to the attorney by the employee, as to whether it was filed with the defendant and then forwarded to the attorney, as to the capacity of the person who instructed the employee to make the reports, as to the time interval between the making of the report and its receipt by the attorney, as to whether copies thereof were made and filed by defendant, and as to whether reports were regularly made prior to the inception of the services of defendant’s present general counsel. Materials created as part of normal business routine and assembled for transmittal to an attorney are not, by such gathering and forwarding, changed in character to a thing ‘created * * * in preparation for litigation ” (Welch v. Globe Ind. Co., 25 A D 2d 70, 72-73; Kandel v. Tocher, 22 A D 2d 513, 515-516, 516-517, supra; Raylite Elec. Corp. v. New York Fire Ins. Co., 46 Misc 2d 361; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.54). A report, resulting from the regular internal operation of an enterprise and serving purposes in the conduct of the enterprise such as the prevention of future accidents, the discipline of careless employees or the furtherance of economy and efficiency of the operation, should not become immune from discovery and the liberal intentions of article 31 of the CPLR thwarted by the mere fact that it was ‘ ‘ made out ” to an attorney. It is difficult to conceive that the regular internal purposes of defendant, operator of one of the world’s largest hotels and listed with a capacity of 3,000 persons (Newsweek, Sept. 24,1962, p. 63; World’s Fairest Vacationland, Inc., The Sullivan County Catskills, Accommodations and Services, p. 8), are not served by the routine practice of securing reports of all accidents from its employees.
While we have been advised not to place much reliance on discussions of burdens of proof with respect to the granting or denial of protective orders, the problem being a subtle one of balancing needs against burdens which exceed the unavoidable incidents of modern litigation (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.08), it has been stated recently that, in the light of the liberality of the treatment accorded disclosure under the CPLR, it would appear that the burden of proof to establish impropriety of disclosure is upon the person who seeks *460 the protective order (7 Carmody-Wait 2d, New York Practice, §42.172 [1966]). Here, the onus, if on anyone, is on defendant, with full and sole knowledge of the pertinent facts (cf. Mosier v. Van Der Horst Research Corp., 25 A D 2d 938; Kuzmak v. Atlantic Cement Co., 20 A D 2d 845, 846; Quigley v. Fitts, 57 N. Y. S. 2d 16,17), to show the course of and the actions taken in respect to the report.
Mindful of the liberal construction to be accorded disclosure provisions of the CPLR (Rios v. Donovan, 21 A D 2d 409, 411, supra; Kusmak v. Atlantic Cement Co., 20 A D 2d 845, supra), and there being no adequate showing that the report in question was prepared specifically and solely in contemplation of litigation, disclosure in regard to the report in question should be permitted.
Plaintiff Sadie Weisgold, a resident of Philadelphia, has not made an adequate showing of undue hardship in coming to Sullivan County for the physical examination, as previously agreed upon, but which did not take place because of another commitment by the physician (cf. United Refrigerator Co. v. Rose, 19 A D 2d 809).
That part of the application for an order vacating the notice in regard to the production and inspection of the report is denied. That part of the application for an order directing plaintiff Sadie Weisgold to appear and submit to a physical examination in Sullivan County is granted. Submit order on notice of two days, the reason for said notice being to enable the parties to agree upon a time of examination. If no such agreement is reached, the court will fix same.