David F. Lee, Jr., J.
This is a motion on behalf of the defendant William E. Hewitt, III, to compel the defendant John A. Spence, II, to disclose on examination before trial the identity of the passenger riding in the automobile operated by him at the time of the collision giving rise to this personal injury action.
The facts, briefly, are: An automobile being operated by the defendant Spence, owned by the defendant Q-uy F. Johnson, Inc., and a motorcycle owned and operated by the defendant Hewitt came into collision. The plaintiff was riding as a passenger on the motorcycle. On examination before trial the *519 defendant Spence testified that there was a passenger riding in the automobile operated by him at the time of the collision, but refused to give or to disclose the name of the passenger.
The affidavit of counsel submitted in support of this motion asserts: “3. That such question is material and necessary in the defense of the action herein and the answer thereto should be required. The question was as to the identity of a witness in defendant John A. Spence’s car at the time of the accident and deponent believes that the defendant is required to furnish this information under the law of the State of New York.”
Counsel representing the defendants Spence and G-uy F. Johnson, Inc., on the other hand, states in his affidavit: “ 2. Your deponent respectfully submits that the defendant, John A. Spence, II is not required under the law of the State of New York to reveal the identity of a passenger in his automobile at the time of the accident when no claim is made that the passenger in any way participated in, contributed to or caused the accident.”
CPLR 104 expressly provides that the CPLR “ shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” CPLR 3101 (subd. [a]) provides that “ there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” Cases under the Civil Practice Act said that a party did not have the right to obtain names of witnesses through disclosure, however, “ there was no absolute rule against it.” (39 St. John’s L. Rev. 211 [1964] Biannual Survey of New York Practice.) In Sanfilipo v. Baptist Temple (52 Misc 2d 767, 768) Mr. Justice Wither points out that “ the rule now seems limited to protecting a party from being required to divulge the names of witnesses not present at the scene or his attorney’s work product, and even such evidence is not invulnerable where the interests of justice require that the information be afforded to an opposing party. ’ ’
In O’Dea v. City of Albany (27 A D 2d 11, 12-13) Mr. Justice Brink writing for the court said: ‘ ‘ When the witness, whose name is sought, is an active participant in the incident upon which the litigation is based, the witness is so closely related to the accident that his testimony becomes essential in establishing the happening of the accident. Under these circumstances, the identity of such a witness should fall within the scope of permissible discovery on an examination before trial.”
There is no contention here that the passenger whose identity is sought was “ an active participant in the incident however, it may be said that this person was a participant. A passenger *520 in an automobile that is in collision with another vehicle is a participant in the incident upon which the litigation is based.
Whether the testimony of the passenger is material and necessary in establishing the happening of the accident cannot, of course, be ascertained at this stage of the litigation. There are passengers who, because of their tender years or because they were asleep immediately before or at the time of collision, or for other reasons, can shed no light upon the happening of the occurrence. Though it cannot be ascertained if the testimony of such person will be essential or material and necessary in establishing the happening of the accident, the identity of the passenger, under our liberal disclosure practice, should be considered material and necessary.
Whether the name or the identity of the passenger, of which inquiry was made on examination before trial, appears on an accident report or police report, or if any investigation has been made on behalf of the defendant Hewitt cannot be gleaned from the moving papers. An examination before trial should not, of course, be used as a substitute for an independent investigation of the occurrence giving rise to the action. ‘1 The statute favors pretrial disclosure. The tendency has been to enlarge the permissible use of this valuable legal tool. It is restricted to protect information obtained in preparing a party’s case ” (Scheer v. City of Syracuse, 41 Misc 2d 1060, 1062). “ It should be noted that the allowance of a liberal disclosure of witnesses’ names permits the parties to make a thorough assessment of the case and the possibilities of success on trial. To the extent that disclosure of names of witnesses results in the settlement of cases before trial which otherwise would have gone to trial, disclosure will result in a great saving of precious time and expense. Hence, a major purpose of the CPLR will have been realized.” (39 St. John’s L. Rev. 212 [1964] Biannual Survey of New York Practice.)
This court is of the opinion that the identity of the passenger should fall within the scope of permissible discovery on an examination before trial. (See, and, cf. Spano v. Fralick, 48 Misc 2d 375; Rivera v. Stewart, 51 Misc 2d 647; Majchrzak v. Hagerty, 49 Misc 2d 1027; Votey v. New York City Tr. Auth., 46 Misc 2d 554; Pistana v. Pangburn, 2 A D 2d 643; Rios v. Donovan, 21A D 2d 409.)
The court concludes that the motion should be granted; the name of the passenger should be disclosed; and that, unless the information is otherwise furnished, the examination before trial of the defendant Spence should proceed at a time and place to be agreed upon by the parties. No motion costs are awarded.