Murray T. Feideh, J.
This is a negligence action involving an alleged defective sidewalk. Plaintiff moves to strike and vacate the separate defense of the defendant contained in paragraph fourth of its answer to the effect that the plaintiff has failed to comply with section 93d-1.0 of the Administrative Code of the City of New York and section 50-h of the General Municipal Law in that the plaintiff refused to answer pertinent, relative and material questions pertaining to his claim on his examination by the Comptroller of the City of New York.
Since this defense on its face is sufficient in law, it will be necessary -to treat the plaintiff’s motion as one for summary judgment to ascertain whether there is any factual basis therefor. The affidavits submitted in connection with the motion disclose that the sole basis for the above defense is that during the oral hearing conducted at the Comptroller’s office the plaintiff refused to disclose the name and address of plaintiff’s witness who was present with the plaintiff at the time of the occurrence.
The court is aware of instances in which a party has been compelled to disclose the names and addresses of witnesses who are active participants in the occurrence (Pistana v. Pangburn, 2 A D 2d 643; Newton v. Board of Educ., 52 Misc 2d 259; O’Dea v. City of Albany, 27 A D 2d 11), or who were merely present at the time of the accident, even though not active participants (Neal v. Spence, 53 Misc 2d 518; Sanfilipo v. Baptist Temple, 52 Mise 2d 767; Rivera v. Stewart, 51 Misc 2d 647), or where special circumstances exist (Menyweather v. Niagara Frontier Tr. System, 53 Misc 2d 373; McMahon v. Hayes-73rd Corp., 197 Misc. 318; Mafchrzak v. Hagerty, 49 Misc 2d 1027; Matter of Pewnino, 41 Misc 2d 791). However, all of those cases involved examinations before trial after an action was commenced. This court is not prepared to extend that rule in a case involving a hearing preliminary to the commencement of a cause of action, particularly where, as here, the requirement for such preliminary examination is unilateral
The case of Costello v. City of NewYork (54 Misc 2d 885), cited by defendant, is not applicable to the facts of this ease. Although in that case the court required the disclosure of the name and address of a witness in a similar defective sidewalk case at the Comptroller’s hearing, it appears that the claim involved an unreported accident, the notice of claim was served a few days short of the 90-day period and there was no way for the defendant, City of New York, to ascertain the names and addresses of witnesses. Under these circumstances, the court concluded that the purpose of the preliminary hearing was *773 thwarted because the claim could not be properly evaluated as to its merits. However, in the instant case, the accident was reported by the Police Department and the police blotter contains the name and address of a witness so that on the papers now before the court there is no basis for any possible claim that defendant was not in a position to evaluate the merits of the claim with a view toward settlement. Accordingly, the plaintiff is entitled to an order dismissing the defense contained in paragraph fourth of the answer.
Movant also complains of the fact that the defendant has failed to serve plaintiff with a copy of the examination held before the Comptroller. It appeared on the oral argument that this failure was not willful but merely due to delay in transcription by the stenographer and that the defendant will send plaintiff a copy of said examination. The issue raised in this respect is, therefore, academic.