█ HENRY C. NORMAN, as Administrator of the Estate of MARY NORMAN, Deceased, Appellant, v. OTIS ELEVATOR Co., Respondent.— In an action to recover damages for wrongful death and conscious pain, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated August 19, 1968, as denied plaintiff's motion to strike out defendant's answer and for alternative relief, including a direction for a further examination before trial of defendant through certain of its employees. Order modified on the law and the facts, by adding a provision that, as a further exception to the denial of the motion, plaintiff is granted a further examination before trial of defendant (1) through its employees Gary Faltin and Charles Wagner on matters relating to conditions of the dumbwaiter and its appurtenances observed by them prior to the accident, which took place on February 20, 1967, and (2) through its employee Martin J. Steinauer on matters relating to conditions of the dumbwaiter and its appurtenances observed by him subsequent to the accident and up to the time the facility was placed back in service. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to appellant. The further pretrial examination, through the three persons above named, shall proceed on at least 10 days' written notice by plaintiff or at such time and place as the parties may mutually fix by written stipulation. The initial pretrial examination of defendant by one of its maintenance supervisors, Olsen, proved to be unsatisfactory, in that he lacked requisite knowledge of facts relating to the maintaining, servicing, cleaning, repairing and condition of the dumbwaiter and its appurtenances prior to and subsequent to the accident. The uncontroverted allegations of plaintiff in support of the motion indicate that employees Faltin, Wagner and Steinauer are more likely to have the pertinent knowledge of the material facts upon which the action is predicated. Under the circumstances, we believe that in the interests of justice, the further pretrial examination of defendant by the three named employees other than Olsen is required. Such further examination is consonant with the modern principle of broad disclosure and with the implementary rule that further disclosure by designated employees or officers shall be available if the examinee corporation, in the exercise of its prerogative to select in the first instance the particular employee or officer to be examined, fails to produce the person who possesses the requisite knowledge (*Spatz* v. *Somerstein Caterers*, 19 A D 2d 909). Employee Steinauer is alleged to have inspected the facility in the course of his employment shortly after the accident and before it was placed back in service. Presumably he would be in the best position to describe its condition at that time; without proof to the contrary, it could be assumed that the condition at that time was substantially the same as at the time of the accident (*Simon* v. *Ora Realty Corp.*, 1 N Y 2d 388). There being no claim by defendant that the testimony of Steinauer is excepted from disclosure because of privileged matter, attorney's work product, and material prepared for litigation (CPLR 3101, subds. [b], [c], [d]), interrogation of him before trial should be allowed as to all material and necessary matters (CPLR 3101, subd. [a], par. [1]; *Brunswick Corp.* v. *Aetna Cas. & Sur. Co.*, 27 A D 2d 182, 183; *Zdonczik* v. *Pennsylvania & Southern Gas Co.*, 35 Misc 2d 735, affd. 18 A D 2d 749). If any changes in the condition of the conveyance and its appurtenances were made shortly after the accident, as a result of the accident, withholding of observations and information of Steinauer relative thereto could result in injustice and undue hardship to plaintiff (*Brunswick Corp.* v.

*Aetna Cas. & Sur. Co., supra,* p. 183). Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.