■ AMELIA COHEN et al., Appellants, v GEORGE ZAROU et al., Defendants, and LUTHERAN MEDICAL CENTER, Respondent.—In a medical malpractice action, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated August 15, 1978, as, upon reargument, adhered to the original determination denying their motion for an order pursuant to CPLR article 31 requiring the defendant hospital to appear for an examination before trial. Order reversed insofar as appealed from, with $50 costs and disbursements, and, upon reargument, motion granted. In our opinion plaintiffs are entitled to the production for oral examination of an individual with knowledge of the facts and circumstances pertaining to the action (see *Norman v Otis Elevator Co.,* 32 AD2d 567). If no such individual is presently employed by the defendant hospital it should furnish to plaintiffs the names of any former employees who possess the requisite knowledge. Mollen, P. J., Hopkins, Titone and Shapiro, JJ., concur.

■ ROSLYN GOLDSTEIN et al., Respondents, v FRESH MEADOWS ASSOCIATES, INC., et al., Appellants.—Appeal by defendants from an order of the Supreme Court, Queens County, dated January 9, 1979, which directed them to appear at an examination before trial and to produce certain documents. The appeal brings up for review so much of a further order of the same court, dated February 28, 1979, as, upon reargument, adhered to the original determination, except that it limited the request for documents "to a time period of one year prior to and subsequent to the date of the accident in question." Appeal from the order dated January 9, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated February 28, 1979 affirmed insofar as reviewed, without costs or disbursements. The examination shall proceed at the place designated in the order dated January 9, 1979, at a time to be fixed in a written notice of not less than 10 days to be given by plaintiffs, or at such other time and place as the parties may agree. We interpret the orders to mean that the books and papers to be produced are those relevant and necessary to enable the defendants to be properly deposed. Mollen, P. J., Hopkins, Damiani, Titone and Shapiro, JJ., concur.