NEIL DOUGHERTY, as Executor of ROSE DOUGHERTY, Deceased, Appellant, v. J. & H. TAXI CORP. et al., Respondents.— Consolidated actions against the alleged owners of a truck and taxicab which collided, causing personal injuries to a passenger in the taxicab, who died more than three years after the accident. The appellant separately stated two causes of action against respondent, J. & H. Taxi Corp., one to recover damages for personal injuries and the other for damages resulting from the passenger's death. The complaint in the action against respondent Seigle did not attempt to separate the causes of action for personal injuries and wrongful death. The appellant failed to adduce proof that death resulted from injuries sustained in the collision. At the close of the plaintiff's case, motions were granted dismissing the complaint against respondent Seigle, and dismissing the cause of action for wrongful death against respondent J. & H. Taxi Corp. On the separate cause of action to recover damages for personal injuries, the jury returned a verdict in favor of respondent J. & H. Taxi Corp. Judgment, insofar as it dismisses the complaints for personal injuries, reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event. The complaint against respondent Seigle sufficiently set forth a cause of action for conscious pain and suffering. In any event, the court in its discretion should have granted appellant's motion for leave to amend. As to the cause of action against respondent J. & H. Taxi Corp., the court erred in refusing to charge, as requested, that irrespective of the negligence of the operator of the truck, the plaintiff was entitled to a verdict if there was any negligence, no matter how slight, on the part of the taxicab driver and the passenger was without fault. The interests of justice require a new trial. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

CHARLES GRILLO, an Infant, by LOUIS GRILLO, His Guardian ad Litem, et al., Appellants, v. AARON FRIEDMAN, Respondent. FRANK DIMA, an Infant, by VINCENZO DIMA, His Guardian at Litem, et al., Appellants, v. AARON FRIEDMAN, Respondent.— In actions by two infants to recover damages for personal injuries, and by their fathers for expenses and loss of services, order denying plaintiffs' motion for a new trial unanimously affirmed, with one bill of costs. No opinion. Present — Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ.

CLARA KAPLAN, Respondent, v. ROUX LABORATORIES, INC., et al., Appellants, et al., Defendants.— In an action to recover damages for personal injuries, alleged to have been caused by the application of appellants' hair dye, order directing examination before trial further modified by granting the motion to strike out item 2 of the notice of examination before trial, and by changing the language of item 1 to read as follows: "As to whether or not a product described in the complaint as Roux Hair Dye was manufactured by appellants and distributed by them to the defendant Jeanie Terranova." As thus modified the order, insofar as appealed from, is affirmed, without costs, the examination to proceed on five days' notice. The plaintiff has made no showing of necessity for an examination that may reveal trade secrets, nor that the information cannot be obtained otherwise. (Drake v. Herrman, 261 N. Y. 414.) Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.