Matthew J. Jaseh, J.
The defendant- moves for an order to vacate the plaintiff’s notice of examination before trial on the grounds that it calls for information which the defendant is not required to divulge and further, that it is not within the purview of rule 121-a of the Rules of Civil Practice or sections 288, 289, 290 and 301 of the Civil Practice Act.
The plaintiff gave notice pursuant to the aforesaid sections to take the testimony of the defendant, its chemists and other supervisory employees having knowledge of the manufacture, composition, handling and delivery of liquid resin described in the complaint and its employees who investigated the explosion in plaintiff’s plant occurring on May 19, 1957 and those who examined into and reported upon the causes of such explosion, upon all the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence and liability; that pursuant to section 296 of the Civil Practice Act, for the purpose of refreshing defendant’s employees’ recollection and for examination and inspection, and for offer and receipt in evidence, defendant’s employees are to have and produce upon the aforesaid examination all records, books, papers, documents, correspondence and copies thereof, and other writings and papers kept by defendant as relate to the matters in controversy in said action and on which defendant’s employees are to be examined under this notice.
The subjects of the proposed examination and the records to be produced are as follows:

*781

This -¿negligence action arises out of a claim for damages resulting from an explosion May 19, 1957 of liquid resin manufactured by the defendant and sold to the plaintiff. It is claimed that a chemical reaction occurred causing the resin to expand and exploding its storage tank.
The plaintiff maintains that it is necessary to prove that the defendant was negligent in the manner the product was manufactured and handled, and in order to prepare this proof, it is essential for the plaintiff to examine the defendant’s chemists and supervisory employees as to all details of the manufacturing process.
The defendant contends that the notice of examination before trial is improper on the following grounds:
1. That such an examination would require the defendant to reveal trade secrets, i.e., its secret formula and process for the production of phenolic liquid resin.
2. That such an examination would require defendant to reveal evidence acquired by its own investigation after the accident.
*782 3. That said notice is improper because it requires the defendant to produce all records, etc., as relate to the controversy, thereby requiring the productions of records that would reveal the secret formula in question.
Let us consider each item of the notice.
Items 1 and 2. The defendant claims that the following information requested by the plaintiff is of a secret and confidential nature and constitutes a trade secret and therefore need not be divulged.
“1. The ingredients of the resin sold to plaintiff as alleged in the complaint; the proportion of the ingredients in each batch; * * * weigh tank tickets and other records showing the quantities used.
“2. The manner of making or cooking the resin; the temperature of the resin during the process; the length of cooking time; the degree of vacuum in the bottle or container; * * * Recorder charts and other operators’ records of the manufacturing operation.”
From the papers submitted, this court agrees that the information requested constitutes a trade secret, and therefore need not be divulged in the absence of a showing by the plaintiff that it is necessary to the success of its cause of action. (Kaplan v. Roux Lab., 273 App. Div. 865; Hyman v. Revlon Prods. Corp., 277 App. Div. 1118.)
However, the situation presented herein warrants the overruling of the objections raised. It appears that the combination of the usual ingredients in improper proportion would create an overaction causing the resin to heat and expand, thereby becoming explosive and dangerous; also, the type, age, quality of the lime ingredient used affects its potency and may cause a variation of the proper proportion. The nature and proportions of these ingredients are, therefore, vital factors in establishing the possible error or negligence of the defendant.
Although liquid resin is ordinarily safe, a particular batch due to an error in the proportion of the ingredients used may become dangerous. Since resin was manufactured by the defendant in its own plant, there is no other way for the plaintiff to establish these facts. The plaintiff has shown a necessity to inquire into the manufacture of the batch which exploded in order to compare same, as well as the process, with other batches which had proved to be normal and safe.
Item No. 3. The plaintiff is entitled to examine the defendant as to tests which were or should have been made before shipment, and a comparison of the results of the tests with the specifications. This does not involve any trade secret or formula.
*783 Item No. 4. The plaintiff is entitled to examine the defendant as to any sample of the manufactured product. The resin which the plaintiff received was destroyed in the explosion. The plaintiff has no other way of knowing the condition and contents of the sample and the analysis without examining the defendant on this point since they are in the exclusive possession and control of the defendant.
Item No. 5. The plaintiff seeks to examine the objective findings of defendant’s employees, investigating the explosion at plaintiff’s plant on and after May 19,1957. The plaintiff claims that this is a proper item for examination1 before trial. This court is of the opinion that statements taken or findings made by the defendant’s employees in preparation to defend against a claim interposed or likely to be interposed, may not be inspected and is not a proper item for pretrial examination. (De Vito v. New York Cent. R. R. Co., 146 N. Y. S. 2d 545, affd. 3 A D 2d 692.)
The court in that case (p. 547) did, however, permit the plaintiff “ to discover and inspect defendant’s records of statements made by its employees in the regular course of their employment ”.
This court is of the opinion that the plaintiff is limited in its examination to records made by the employees of the defendant in the regular course of their employment. The plaintiff seeks to examine the findings made by the defendant’s employees in the plaintiff’s factory after the explosion. These are not records kept in the ordinary and regular course of manufacturing and delivering resin. These are findings and records relative to the facts as they existed after the accident in the plaintiff’s own plant. Certainly the plaintiff could have investigated these facts as readily if not more so, than the defendant. As to this item, the plaintiff is not entitled to examine the defendant.
Items 6 and 7. The handling and delivery of the resin and the question of other accidents and warnings or instructions given to the plaintiff or to other customers are proper items for examination before trial.
With respect to Items 1 and 2 of the examination, the court directs that this portion of the examination be had before the Honorable Lee L. Ottaway, Official Referee, Fourth Department, on such date as he shall direct, in order to impose the protection of secrecy with respect to the evidence adduced so that such evidence, insofar as it concerns the secret process, particularly, may not become available to other than the parties to the litigation, and the Referee hearing the testimony upon the examination.