Alvin F. Klein, J.
This is a motion made by the defendant, Reinzo Trucking Co., Inc., for a protective order pursuant to section 3103 of the Civil Practice Law and Rules, vacating, setting aside and declaring null and void plaintiff’s notice of examination before trial dated November 26, 1963. Plaintiff cross-moves for an order striking out said defendant’s answer *468 or in the alternative to have the corporate defendant appear for an examination before trial within a reasonable time, by one of its officers having full knowledge of the facts.
This is an action pending in the Civil Court, Bronx County, to recover damages alleged to have been sustained by the plaintiff due to the alleged negligence and carelessness of the corporation defendant.
It appears from the affidavit of an attorney at law associated with the attorney for the corporate defendant, that said defendant is a nonresident of the State of New York and has its principal place of business in Orange, Connecticut. Rule 3110 of the Civil Practice Law and Rules states: “A deposition within the state on notice shall be taken: 1. when the person to be examined is a party or an officer, director, member or employee of a party, within the county in which he resides or has an office for the regular transaction of business in person or where the action is pending # * *
“ For the purpose of this rule New York city shall be considered one county. ’ ’
The court is of the opinion that under rule 3110 of the Civil Practice Law and Rules that plaintiff is entitled to have the nonresident corporate defendant appear for examination before trial because the action is pending in New York City. There is no showing of any unreasonable expense or inconvenience to have a corporate officer of the defendant Reinzo Trucking Co., Inc., having full knowledge of the facts, come into New York City to be examined.
Rule 3110 of the Civil Practice Law and Rules is based upon section 300 of the Civil Practice Act. Even under said old statute, the courts have held that an examination before trial could be held in the county in which the action is pending, although the defendant was a nonresident and had no office for the regular transaction of business in said county (see Schoen v. Morgan Trucking Co., 13 A D 2d 622; Slater v. Adamo, 92 N. Y. S. 2d 39).
Accordingly, the defendant’s motion for a protective order pursuant to section 3103 of the Civil Practice Law and Rules is denied; plaintiff’s cross motion is granted to the extent of having the corporate defendant appear for examination before trial by pne of its officers having full knowledge of the facts.