■ STEVEN ABRAMS et al., Respondents, v. VAUGHAN & BUSHNELL MFG. CO., Appellant.— In a negligence and breach of warranty action to recover damages for personal injuries sustained by plaintiff Steven Abrams when a piece of a " Craftsman " Professional Mechanic's Hammer manufactured by defendant, an Illinois corporation, and purchased by plaintiff from Sears, Roebuck & Co., gave way and parted from the head of the hammer, defendant appeals from an order of the Supreme Court, Suffolk County, dated April 1, 1971, which, on its motion, pursuant to CPLR 3103, for a protective order with respect to plaintiffs' notice to examine defendant before trial and on plaintiffs' cross motion to compel the examination, directed defendant to appear for examination. Order modified (1) by deleting the first decretal paragraph thereof and substituting therefor a provision granting defendant's motion to the extent of (a) striking from plaintiffs' notice of examination the name and identity of the person through whom the defendant shall be examined and directing that defendant shall be examined through such person or persons with knowledge of the facts as defendant shall select in the first instance, with leave to plaintiffs, however, upon a showing that the person or persons produced have inadequate knowledge and that a further examination is necessary, to move for examination of any specific person or persons having adequate knowledge; and (b) further amending the notice of examination so that the list of items therein required to be produced at the examination shall read as follows : " Copy of the contract dated February 1, 1968, as alleged in the complaint, between defendant and Sears, Roebuck & Co. for the production of the Craftsman Professional Mechanic's Hammer; copy of any and all written tests made at the time of production of said product for the years 1966, 1967 and 1968; copy of any and all tags annexed to the product; written specifications dated October 1, 1962, as alleged in the complaint, received by defendant from Sears, Roebuck & Co. for testing of the product; copy of any and all warranties supplied to Sears, Roebuck & Co. regarding the production of the product; exact chemical composition and metallurgical analysis of any

such product removed from the production line for testing from October 1, 1962, the date of the specifications for the production of the product, until the institution of this action; and records of any and all claims similar in nature to that alleged by plaintiffs for any injuries resulting from such product "; (2) by adding a provision thereto granting plaintiffs' cross motion; and (3) by deleting from the second decretal paragraph thereof the word " Texas " and substituting therefor the word " Illinois ". As so modified, order affirmed, without costs. The examination shall proceed at a time to be set forth in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time as the parties may mutually agree upon by written stipulation. In our opinion, the Special Term was correct in directing the examination of defendant, an Illinois corporation, to be held in Suffolk County, where this action is now pending, in the absence of proof of any undue hardship, inconvenience or unreasonable expense (CPLR 3110; *Fromer Foods* v. *Reinzo Trucking Co.*, 41 Misc 2d 467). However, defendant has the right in the first instance to select the person with knowledge of the facts by whom it will be examined (CPLR 3101 *et seq.*). Since plaintiffs alleged in their complaint that the contract between defendant and Sears, Roebuck & Co. for the production of the hammer was dated February 1, 1968 and that the specifications received by defendant from Sears were dated October 1, 1962, the production of items at the examination pursuant to CPLR 3111 should be limited to items bearing those dates, which, in our opinion, are relevant to this action (CPLR 3101, subd. [a]; 3111). The request by plaintiffs for production of any " devices " annexed to the hammer should be stricken for vagueness. The results of any chemical and metallurgical tests conducted by defendant upon the Craftsman hammer are a proper subject for disclosure, provided said tests were made after October 1, 1962, the date of the alleged specifications made by Sears, Roebuck & Co., and prior to the commencement of this action (CPLR 3101, subd. [a]; 3111; *Fibron Prods.* v. *Hooker Chem. Corp.*, 26 Misc 2d 779)'. Any tests conducted by defendant after the commencement of the action would be privileged as material prepared for litigation (CPLR 3101, subd. [d]; *Silberg* v. *Hotpoint Division of Gen. Elec. Co.*, 23 A D 2d 754). Plaintiffs are entitled to disclosure of information regarding claims similar in nature to that alleged by plaintiffs for any injuries resulting from defendant's hammer, whether said claims were made prior to or subsequent to plaintiffs' purchase of the hammer (CPLR 3101, subd. [a]; 3111; *Bennett* v. *Troy Record Co.*, 25 A D 2d 799; *Fibron Prods.* v. *Hooker Chem. Corp.*, *supra*; *Farnum* v. *Bristol-Myers Co.*, 107 N. H. 165; *Bowen* v. *Whitehall Labs.*, 41 F. R. D. 359; see, also, 20 ALR 3d 1430). Plaintiffs' request for copies of any and all warranties regarding the hammer supplied by defendant to Sears, Roebuck & Co., as well as their request for copies of any and all written tests made at the time of production of the hammer for the years 1966, 1967 and 1968 (which predates the commencement of this action), was proper, since such warranties and copy material are, in our opinion, material and necessary, i.e., relevant to the prosecution of this action (CPLR 3101, subd. [a]; 3111; *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403; Practice Commentaries on CPLR 3101 by Prof. David D. Siegel [McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101–3200, p. 11]). The items now directed to be produced may be sufficient for plaintiffs to prepare their case. The second decretal paragraph of the order under review should be amended to reflect the fact, which is conceded, that defendant is an Illinois, rather than a Texas, resident. Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.