■■ NORMA DATTMORE et al., Appellants, v EAGAN REAL ESTATE, INC., et al., Respondents.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term erred by refusing to grant discovery of defendants' security log book and maintenance log book pertaining to prior accidents and repairs or salting relevant to the location of the accident. Although reports of prior accidents or prior or subsequent repairs may be inadmissible at trial, this is not the test for disclosure under CPLR 3101 (a), which is to be liberally construed (*Hoenig v Westphal,* 52 NY2d 605, 608). Accordingly, pretrial disclosure is permitted of documents " 'which, while themselves inadmissible, may lead to the disclosure of admissible proof' " (*Wiseman v American Motors Sales Corp.,* 103 AD2d 230, 237, quoting *Shutt v Pooley,* 43 AD2d 59, 60). Under this rationale, documents pertaining to prior accidents and repairs are discoverable (*Mott v Chesebro-Whitman Co.,* 87 AD2d 573; *Hawkins v Genesee Hosp.,* 86 AD2d 971; *Abrams v Vaughan & Bushnell Mfg. Co.,* 37 AD2d 833, 834; *Ball v State of New York,* 101 Misc 2d 554).

Additionally, the accident report prepared by Dey Brothers should also be disclosed since defendants, as the parties resisting disclosure, have not met their burden of proving that the requested report falls within any exemption (*Viruet v City of New York,* 97 AD2d 435, 436). The CPLR permits disclosure by

nonparties (CPLR 3101 [a] [4]) and also provides for disclosure of accident reports prepared in the regular course of business (CPLR 3101 [g]).

Special Term was correct, however, in denying plaintiff access to a report prepared by one of the defendant's deputies for the insurer (*Harris v Processed Wood*, 89 AD2d 220). (Appeal from order of Supreme Court, Onondaga County, Sullivan, J.—discovery.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.