■ HOWARD J. NICHOLS, as Administrator of the Estate of JOHN SPROSTON, Deceased, Respondent-Appellant, v CUMMINS ENGINE COMPANY, Defendant, CHANCE RIDES, INC., Respondent-Appellant, and AUBURN ARMATURE, INC., Appellant-Respondent. [709 NYS2d 319] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1991 plaintiff's decedent, an employee of third-party defendant, Gillette Shows, Inc. (Gillette), was electrocuted when he touched the gantry (framed structure) on a platform trailer while holding onto a car on the Skydiver ride, thereby completing an electrical circuit. The Skydiver ride was manufactured prior to 1970 by Chance Manufacturing Company (Chance Manufacturing). Gillette purchased the Skydiver ride from Chance Manufacturing, along with a trailer to house and transport the Skydiver cars. The trailer did not contain any power source to provide power to the Skydiver ride for its assembly and operation, and Gillette installed a genset (a generator, engine and coolant system) in the trailer to provide such power. A busbar box (a metal box to which power lines from the Skydiver ride are connected) was installed on the outside of the trailer and electrical wiring was installed running from the genset to the busbar box. In 1985 Chance Industries, Inc. purchased the assets of Chance Manufacturing. Subsidiaries of Chance Industries, Inc. were formed, including Chance Operations and defendant Chance Rides, Inc. (Chance Rides). In 1987 Chance Rides refurbished the Skydiver ride.

Supreme Court erred in denying that part of the motion of Chance Rides seeking summary judgment dismissing the complaint against it. Plaintiff alleges that Chance Rides replaced, repaired or modified the genset, the busbar box, or the wiring from the genset to the busbar box. Chance Rides met its initial burden by establishing that it did not replace, repair or refurbish the genset, the busbar box or any of the wiring from the genset to the busbar box, and plaintiff failed to raise a triable issue of fact (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Although plaintiff submitted the testimony

of a Gillette employee that the busbar box "looked different" after the Skydiver ride was refurbished in 1987, that witness also testified that he did not know whether it was the same busbar box.

The court properly denied that part of the motion of Chance Rides to preclude the testimony of plaintiff's expert. Although the expert did not inspect the Skydiver ride and the related components until at least three years after decedent's death, the expert's opinion was also based upon a review of the ride manual containing the configuration of electrical connections. The admissibility of expert testimony is a matter entrusted to the sound discretion of the trial court (*see, De Long v County of Erie,* 60 NY2d 296, 307).

The court properly granted that part of the motion of Chance Rides to preclude testimony concerning a prior incident in which another Gillette employee received an electric shock. There was no showing that the prior incident was substantially similar to the incident herein, which resulted in decedent's death (*see, Hyde v County of Rensselaer,* 51 NY2d 927, 929).

Finally, the court should have granted in part the motion of defendant Auburn Armature, Inc. (Auburn) for summary judgment dismissing the complaint against it. Auburn repaired the genset for Gillette on one occasion in April 1987, and thus it cannot be liable to plaintiff on a theory of failure to warn of a design defect (*see, Ayala v V & O Press Co.,* 126 AD2d 229, 237). Therefore, the court should have granted Auburn's motion to the extent that the complaint alleges a cause of action for failure to warn of a design defect. However, to the extent that the complaint alleges a cause of action based upon Auburn's alleged negligent repair of the genset, Auburn failed to meet its burden of establishing by proof in evidentiary form that it was not negligent in its repair of the genset.

We therefore modify the order by granting that part of the motion of Chance Rides seeking summary judgment dismissing the complaint against it and by granting in part the motion of Auburn and dismissing the complaint against it to the extent that it alleges a cause of action for failure to warn of a design defect. (Appeals from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.