■ Don Buchwald & Associates, Inc., Respondent-Appellant, v Lisa Marber-Rich et al., Appellants-Respondents. Don Buchwald & Associates, Inc., Appellant, v Lisa Marber-Rich et al., Respondents. [761 NYS2d 617] —Order, Supreme Court, New York County (Charles Ramos, J.), entered May 13, 2002, which, to the extent appealed from, denied plaintiff's motion to punish defendants for contempt of court, granted defendants' motion to "bifurcate discovery," and denied plaintiff's motion to extend the discovery cutoff and note of issue filing dates, and order, same court and Justice, entered July 2, 2001, which, to the extent appealed from, denied plaintiff's application to compel the individual defendants to comply with a notice for discovery and inspection, and order, same court and Justice, entered October 1, 2002, which, inter alia, denied plaintiff's application for an extension of time to complete discovery and denied plaintiff's cross motion for an order providing for an advisory jury, unanimously affirmed, without costs.

Although this Court may exercise its own discretion regarding discovery determinations (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]), "deference is afforded to the trial court's discretionary determinations regarding disclosure" (*Jordan v Blue Circle Atl.*, 296 AD2d 752, 753 [2002]). Here, the motion court's discovery rulings should not be disturbed. The record demonstrates that the discovery period was extended several times and that circumstances did not warrant another post-note of issue extension. Plaintiff repeatedly asserts that the trial court told plaintiff's counsel that the usual rules notwithstanding, the filing of the note of issue would not cut off any pending discovery requests. However, plaintiff may not obtain appellate relief based on an alleged verbal assurance by the trial court not documented within the certified record on appeal (*see CIS Air Corp. v Express One Intl.*, 298 AD2d 317 [2002]).

The court properly "bifurcated" discovery on liability and damages, since the primary inquiries relevant to establishing

liability on plaintiff's breach of fiduciary duty and related claims are distinct from the question of whether plaintiff was injured by any proven misconduct and, if so, to what degree.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.