(April 21, 2015)

█ In the Matter of STEAM PIPE EXPLOSION AT 41ST STREET AND LEXINGTON AVENUE. CARRIE TASSA, Plaintiff, and CONSOLI-

DATED EDISON INC. et al., Appellants/Third-Party Plaintiff-Appellant, v TEAM INDUSTRIAL SERVICES, INC., Respondent/Third-Party Defendant-Respondent, et al., Defendant. (And Other Actions.) [8 NYS3d 88]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 9, 2013, which, granted defendants/third-party plaintiffs Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc.'s (collectively, Con Ed) motion to renew, and upon renewal, adhered to a prior order, same court and Justice, entered June 18, 2013, denying Con Ed's motion to compel defendant/third-party defendant Team Industrial Services, Inc. to produce its file related to another action (the Diamond Shamrock litigation), modified, on the law, to grant the motion to compel, and otherwise affirmed, without costs. Appeal from order entered June 18, 2013, dismissed as moot, without costs. Appeal from order, same court and Justice, entered December 31, 2013, which denied as moot Con Ed's motion to, among other things, compel compliance with the court's order entered April 26, 2013, dismissed, without costs.

The words "material and necessary," as used in CPLR 3101 (a) are "to be interpreted liberally to require disclosure . . . of any facts bearing on the controversy" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). "The weight to be given evidence of other [lawsuits or claims] on the issues of notice and causation, and indeed the very admissibility of such evidence . . . are not of concern in the context of disclosure" (*Mendelowitz v Xerox Corp.*, 169 AD2d 300, 307 [1st Dept 1991] [modifying order to permit discovery of prior lawsuits and claims alleging exposure to asbestos as the result of the use of the defendant's copy machines]).

In our view, the motion court applied too harsh a standard in determining that documents concerning the prior Diamond Shamrock incident are not discoverable. We are not concerned with the ultimate admissibility of the evidence at trial, but with the discovery of information concerning the prior incident, as to which a more liberal standard applies (*see Dattmore v Eagan Real Estate*, 112 AD2d 800, 800 [4th Dept 1985] [permitting discovery of records concerning prior accidents, noting that even if they are ultimately found to be inadmissible, "this is not the test for disclosure under CPLR 3101 (a), which is to be liberally construed"]). The motion court's reliance on cases involving the exclusion of testimony or the evaluation of evidence submitted in opposition to a defendant's motion for sum-

mary judgment underscores that it applied a more restrictive standard in evaluating the discoverability of evidence concerning Diamond Shamrock and other incidents (*see e.g. Gjonaj v Otis El. Co.*, 38 AD3d 384 [1st Dept 2007]; *Nichols v Cummins Engine Co.*, 273 AD2d 909 [4th Dept 2000], *lv denied* 96 NY2d 703 [2001]).

As even the motion court recognized, third-party defendant's excess application of leak sealant was a contributing factor in both the steam pipe explosion at Lexington Avenue and 41st Street and the incident at the Diamond Shamrock refinery in Texas. Diamond Shamrock's expert opined that injection of sealant caused a stress overload fracture of the outlet nozzle; and the team's senior technical specialist admitted that they had pumped far more sealant into the enclosure box at the refinery than it was capable of holding. The expert opined that the stress applied by third-party defendant's technicians during injection of sealant into the closure caused the rupture of the valve and the resulting explosion. Con Edison, in this case, alleges that excess application of sealant caused blockages of steam traps, preventing the removal of condensed steam from inside the steam main, and leading to a "water hammer" which caused the main to rupture. The precipitating causes and the circumstances surrounding both incidents are sufficiently similar so as to warrant discovery concerning the prior incident.

Con Edison is entitled to "all matter material and necessary" to its claims and defenses, including the 48 bankers' boxes of Diamond Shamrock documents that have yet to be produced. Con Edison's independent efforts to obtain publicly-available documents, whether through record searches or Freedom of Information Act requests, do not extinguish third-party defendant's obligations to comply with the CPLR.

To the extent Con Edison seeks documents regarding incidents occurring more than five years before the steam pipe explosion at issue here, they never appealed from the court's April 26, 2013 order denying that request.

To the extent Con Edison seeks compliance with the April 26, 2013 order directing Team to produce records of incidents involving excessive application of sealant or the use of sealant that caused or contributed to the failure or disruption of any customer's equipment within five years of the accident giving rise to this litigation, or, if no such records exist, a detailed affidavit explaining its search for such records, Con Edison failed to appeal from that aspect of the December 31, 2013 order denying its request to compel as moot. Accordingly, its request is not properly before this Court. Concur—Acosta, Saxe and Manzanet-Daniels, JJ.

Friedman, J.P., and Sweeny, J., dissent in part in a memorandum by Friedman, J.P., as follows: This appeal arises from consolidated pretrial proceedings in approximately 100 actions for damages incurred in the July 2007 explosion of a steam pipe owned by defendants and third-party plaintiffs Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc. (collectively, Con Ed). Defendant and third-party defendant Team Industrial Services, Inc. (Team) is sued herein based on its having been periodically retained by Con Ed to seal leaks at the site of the explosion; Team last performed such work at this particular site four months before the explosion. At issue on the appeal is whether Con Ed is entitled to discovery of Team's records concerning earlier litigation against Team, among others, arising from a 2001 fire at a refinery in Texas at which Team had performed design and repair work. After conducting a painstaking in camera review of 10 boxes of documents comprising the working file of Team's defense counsel in the Texas litigation (the Diamond Shamrock litigation), Supreme Court—which has been closely supervising the intensive discovery proceedings in the instant matter since 2008—determined that the Diamond Shamrock refinery fire was not sufficiently similar to the steam pipe explosion at issue here to justify granting Con Ed discovery of Team's records of the Diamond Shamrock litigation.

In my view, whether there is sufficient similarity between the incidents respectively at issue in the instant litigation and in the Diamond Shamrock litigation to warrant discovery in this matter of Team's Diamond Shamrock file is precisely the kind of factually intensive inquiry on which this Court should defer to the considered findings of Supreme Court on the relevance of such documents to this litigation. Such deference is especially appropriate when one considers that Supreme Court based those findings on its in camera review of the documents in question (a review that this Court has not undertaken) and has been actively supervising discovery in this complex consolidated proceeding, involving scores of parties, for more than half a decade. Because I cannot see that Supreme Court, in determining that the Diamond Shamrock file is not relevant to this action, either abused or improvidently exercised its "broad discretion in supervising disclosure" (*Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008] [internal quotation marks omitted]), I would affirm that determination. Accordingly, while I concur in the majority's affirmance of the denial of Con Ed's motion for spoliation sanctions and in the dismissal of the appeal from the order entered December 31, 2013, I respectfully

dissent from the majority's modification of the order entered December 9, 2013, to grant, upon renewal, Con Ed's motion to compel production of Team's Diamond Shamrock documents.

In reversing Supreme Court's denial of Con Ed's application for discovery of Team's Diamond Shamrock files, the majority focuses, to the exclusion of virtually all other factors, on the circumstance that, both here and in the Diamond Shamrock litigation, Team's adversaries have alleged that the subject accident was caused, in part, by Team's application of an excessive amount of sealant in performing repair work on the equipment in question (here, a steam piping system; in Diamond Shamrock, an oil refinery valve). However, Supreme Court, through its detailed analysis of the highly technical facts of the two cases, discerned that the substantial differences between the mechanisms of causation in the two incidents far outweighed any common elements, rendering any similarity purely superficial. Supreme Court's careful analysis, which the majority cavalierly casts aside, is as follows:

"While it is Con Ed's contention that the two incidents are similar because both involved the alleged excessive application of sealant, the sealant was, at most, a contributing factor in both incidents. However, the condition or nature of the two accidents was not substantially the same. In *Diamond Shamrock*, the conditions of the accident were a defective and leaking valve in a unit in a refinery, which defect was then unknown[;] Team's alleged application of too much sealant to the leak and improper erection and installation of a leak enclosure unit, which allegedly contributed to causing the nozzle of the valve to rupture[;] and [a] subsequent chemical release and fire. The mechanism of the injury there, as it concerns Team, was its failure to design the leak enclosure unit properly and its excessive application of sealant into the unit which caused the nozzle to rupture, either by the pressure of the sealant application or the sealant itself.

"The incident at issue here involves a steam system overloaded by a large amount of rain in a short time period and unable to release accumulated steam properly due to blocked steam traps, which caused a steam pipe to burst and explode. And, the allegations against Team are that when it made various leak repairs on the steam system over the years, it injected too much sealant which then migrated from the pipes into the system and eventually blocked the traps. The mechanism of the injury as to Team is that Team's sealant migrated[,] rather than stayed attached to the pipes[,] and blocked steam traps.

"The conditions of the accident[s] are dissimilar. A leaking

and defective valve in one case and an overloaded steam system in the other; a chemical release and fire in one case, and a burst steam pipe and explosion in the other. The particular allegations against Team are also disparate. Consequently, Con Ed has failed to establish that the relevant conditions of the subject accident and the one in *Diamond Shamrock* are substantially the same.

"Con Ed has also failed to demonstrate how the *Diamond Shamrock* incident would have given Team notice of the allegations at issue here, or how Team's knowledge that excessive sealant application or pressure, combined with a defective valve and improper leak [containment] unit, could cause a chemical release and fire, would have given it notice that excessive application of sealant to pipes within a steam system could cause the sealant to migrate into the water and block steam traps, and, combined with a system overwhelmed by too much rain within a short period of time, could cause a burst steam pipe and an explosion. That the *Diamond Shamrock* incident may have placed Team on notice generally of dangers associated with excessive sealant is insufficient to show that Team had notice of the specific problem at issue here." (2013 NY Slip Op 33072[U], *3-4 [Sup Ct, NY County 2013] [citations omitted].)

Thus, Supreme Court saw that, notwithstanding that the alleged application of excessive sealant is a common factor in the two cases, the mechanism of the accident's causation in each case is so different from the mechanism of causation in the other case that evidence from the earlier case is highly unlikely to be probative of Team's liability in this matter. In the Diamond Shamrock incident, pressure from the application of too much sealant directly caused a fracture in the valve, which immediately gave rise to a chemical leak and a fire. In this case, by contrast, the alleged application of too much sealant to steam pipe leaks over time, rather than directly causing the pipe to burst, resulted in sealant material coming loose and migrating through the pipes (like loosened plaque migrating through a person's arteries) and eventually contributing to the blockage of steam traps, which then, during a period of heavy rainfall, resulted in the buildup of excessive pressure and an explosion.

Beyond pointing to the common factor of the alleged application of excessive sealant, the majority fails to refute Supreme Court's reasoning in determining that the above-described dissimilarity between the etiology of the two incidents renders the Diamond Shamrock litigation file irrelevant to the instant mat-

ter.* The majority errs in accusing Supreme Court of "apply-[ing] too harsh a standard in determining . . . discoverab[ility]" because Supreme Court's determination was based on the dissimilarity of the two incidents. But even if one could reasonably disagree with Supreme Court's determination of this question, it cannot be denied that the determination is based on a thorough, logical, and reasoned analysis that is well within Supreme Court's "broad discretion in supervising disclosure" (*Occidental Gems*, 11 NY3d at 845 [internal quotation marks omitted]), especially in a matter as complex as this one, involving approximately 100 actions arising from the same pipe explosion that, as of this writing, have been pending for more than six years.

This is the paradigmatic case for the application of the principle that, notwithstanding this Court's power to exercise its own discretion in deciding an appeal, " 'deference is afforded to the trial court's discretionary determinations regarding disclosure' " (*Gumbs v Flushing Town Ctr. III, L.P.*, 114 AD3d 573, 574 [1st Dept 2014], quoting *Don Buchwald & Assoc. v Marber-Rich*, 305 AD2d 338, 338 [1st Dept 2003]; *see also Elmore v 2720 Concourse Assoc., L.P.*, 50 AD3d 493, 493 [1st Dept 2008] [same]; 4 NY Jur 2d, Appellate Review § 679 ["As a matter of practice, . . . appeals in matters of discretion are not encouraged by the Appellate Division," which "rarely interferes, and as a rule only where the discretion seems to have been abused, or where there is a plain case of its unwise exercise"]; 11 Carmody-Wait 2d § 72:142 [same]). I see no justification for the majority's failure to defer to Supreme Court's exercise of its discretion in resolving a discovery dispute, based on that court's close examination and analysis of the relevant documents, in the context of a complex, long-running litigation requiring close judicial supervision of pretrial proceedings. I therefore respectfully dissent from the majority's modification to grant the motion to compel production of the Diamond Shamrock documents and vote to affirm the order entered December 9, 2013, in its entirety.

---

* The majority's reliance on *Mendelowitz v Xerox Corp.* (169 AD2d 300 [1st Dept 1991]) is misplaced. In *Mendelowitz*, where the plaintiff's decedent allegedly had been exposed to asbestos from his use of the defendant's copying machines, we granted the plaintiff discovery only of those health claims by the defendant's workers that alleged "exposure to asbestos used in the manufacture of copying machines" (*id.* at 307-308). We specifically denied the plaintiff discovery of claims of asbestos exposure by the defendant's employees "that are not somehow connected with the manufacture of defendant's copying machines" (*id.* at 307), i.e., that did not arise from the presence of asbestos in the copying machines.