Bersin Props., LLC v Nomura Credit & Capital, Inc. (2019 NY Slip Op 08641)





Bersin Props., LLC v Nomura Credit & Capital, Inc.


2019 NY Slip Op 08641


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10630N 452630/14 650276/15

[*1] Bersin Properties, LLC, Plaintiff-Appellant,
v
Nomura Credit & Capital, Inc., et al., Defendants-Respondents.
NCCMI, Inc., Plaintiff-Respondent,
v
Bersin Properties, LLC, et al., Defendants-Appellants.


Selendy & Gay PLLC, New York (Yelena Konanova of counsel), for appellants.
Greenberg Traurig, LLP, New York (Richard A. Edlin of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 16, 2019, which denied Bersin Properties, LLC's request to take discovery into NCCMI, Inc.'s motive for denying Bersin's drawdown request, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying plaintiff's discovery requests (see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; Don Buchwald & Assoc. v. Marber—Rich , 305 AD2d 338, 338 [1st Dept 2003] ["deference is afforded to the trial court's discretionary determinations regarding disclosure"]). Here, plaintiff sought discovery regarding defendant's motives and intent on its breach of contract claim. However, as the court correctly recognized, in a breach of contract claim, the issue is whether the defendant failed to perform its obligations pursuant to the terms of the contract (see generally Metropolitan Life Ins. Co. v Noble Lowndes Intl. , 84 NY2d 430 [1994]).
Furthermore, while plaintiff accurately points out that in limited circumstances, a defendant's intent may be relevant in a breach of contract claim in determining whether the defendant's "bad faith" or "alleged misconduct prevented or hindered . . . compliance" with a contractual condition precedent (A.H.A. Gen. Constr. v New York City Hous. Auth. , 92 NY2d 20, 31 [1998]), the motion court did not abuse its discretion by declining to apply the exception.
Accordingly, the court's discovery ruling should not be disturbed. We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK