Hunnewell Partners (BVI) Ltd. v Deloitte Transactions & Bus. Analytics LLP (2024 NY Slip Op 51264(U))

[*1]

Hunnewell Partners (BVI) Ltd. v Deloitte Transactions & Bus. Analytics LLP

2024 NY Slip Op 51264(U)

Decided on September 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2024
Supreme Court, New York County

Hunnewell Partners (BVI) Limited AND PARK STREET (GP) LIMITED, Plaintiff,

against
Deloitte Transactions and Business Analytics LLP, Defendant.

Index No. 652259/2022

Robert R. Reed, J.

In this breach of contract, malpractice and negligence action, plaintiffs Hunnewell Partners (BVI) Limited and Park Street (GP) Limited (together Hunnewell) allege that defendant Deloitte Transactions and Business Analytics LLP (Deloitte) conducted flawed property evaluations in violation of an engagement agreement. Pursuant to Rule 14 of the New York County Commercial Division the parties provided this court with discovery correspondences identifying disputes regarding the disclosure of records. A Rule 14 conference was held on June 18, 2024. This order will address the disputes identified in the discovery correspondence received by the court to date.
It is well settled that the trial court has broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260 [1st Dept 2002]). Generally speaking, and as applicable to discovery in every litigation, CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words, "'material and necessary,' are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). The party seeking disclosure must demonstrate that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]).
Documents from the United Kingdom Litigation
In Deloitte's first request for the production of documents, Deloitte sought production of documents and communications relating to a United Kingdom commercial lawsuit (UK suit). In that action, involving two contracts at issue in this litigation, the court purportedly issued an order finding that the principals of Hunnewell Partners BVI Limited breached their fiduciary duties and were not truthful. Hunnewell purportedly disclosed some, but not all, of the documents in its possession regarding the UK suit, and Deloitte, here, seeks an order compelling [*2]full disclosure. According to Deloitte, the documents from the UK suit reflect Hunnewell's valuation of assets involved in the current suit and provides calculations underlying the valuations, including expert submissions relating to the valuations.
Hunnewell opposes Deloitte's request for production of the UK litigation documentation on the grounds that the request is unduly burdensome as the documents sought are not centrally located on a public docket, not accessible to the public, and subject to confidentiality agreements. Hunnewell further submits that the request is improper because it seeks irrelevant information that does not bear on Deloitte's liability in this action.
Evidence of other lawsuits and claims is discoverable when it speaks to questions of causation and notice (In re Steam Pipe Explosion at 41st St., 127 AD3d 554, 555—56 [1st Dept 2015]). The admissibility of such evidence is not a factor for the court to address in discovery (id. citing, Dattmore v Eagan Real Estate, 112 AD2d 800 [4th Dept.1985] [permitting discovery of records concerning prior accidents, noting that even if they are ultimately found to be inadmissible, "this is not the test for disclosure under CPLR 3101(a), which is to be liberally construed"]). Rather, the question as to whether the prior lawsuit information is discoverable, involves an assessment of whether it is "material and necessary" and bears on facts in the controversy (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
In this court's view, any statements or information regarding the valuation of property that is the subject of this litigation is properly discoverable, as plaintiffs have placed defendant's evaluations, and the reasonableness of such valuations, in controversy. Consequentially, witness statements, provided by any party to this litigation shall be disclosed along with any other related documents testified to by said witnesses. The scope of that disclosure shall relate only to the properties identified in this suit, specifically, the Fisher Island properties and the value of those properties.
Organizational Documents
Next, Deloitte requests that this court issue an order directing Hunnewell to produce documents sufficient to establish plaintiffs' formation, governance, and management. In response, Hunnewell states that it already provided organizational charts identifying the members of each entity to Deloitte and submits that it is not obligated to provide further information regarding its corporate structure.
Deloitte failed to provide any caselaw in support of its request, nor did it identify any affirmative defense or counterclaim which would warrant an order compelling disclosure of the requested information. To the extent the question of standing is at issue, this court squarely addressed that argument in its denial of Deloitte's motion to dismiss (NYSCEF doc. no. 35, pg. 48). The court declines to order discovery on a legal claim that was addressed, and rejected, by this court. In this court's view Deloitte has not set forth any viable argument why additional corporate structure documents are material and necessary to a defense (or prosecution) of its claims.
Deed of Termination
A document identified as the "Deed of Termination" is a contract between Hunnewell and nonparty BILI Management, which provides for compensation to plaintiff Park Street (GP) Limited if the Fisher Island assets reach a certain valuation. Deloitte seeks disclosure of documents and communications "relating to the obligations to reach an agreed value for the [Fisher Island] Assets," along with documents and communications relating to an "Annex" to the Deed of Termination, that provided a higher value for the assets than Deloitte ultimately [*3]reached. Hunnewell objects to disclosure of any related documentation other than the Deed with Annex, itself, asserting that said documentation is the only material relevant to an assessment of Deloitte's evaluation.
The party seeking disclosure must demonstrate that the discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011]). Normally, "if there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (Allen v Crowell—Collier Publ. Co., 21 NY2d at 407]). Here, as previously iterated, Hunnewell has placed the reasonableness of Deloitte's evaluation in controversy. Any evidence reflecting an alternative, or with respect to Hunnewells' position, more reasonable, or accurate evaluation performed prior to Deloitte's retention, which purportedly "set a benchmark" for the property valuation and provides context for Hunnewell's argument that Deloittes' evaluation is improper, is evidence material to the issues to be resolved in this case and is arguably evidence necessary to Deloitte's defense. As such, disclosure of documents and communications related to the "Annex" (Deloitte req. no. 4) is warranted. However, it is this court's view that the demand for documents and communications "related to the obligation to reach an agreed value" for the Fisher Island assets (Deloitte req. no. 2) is vague and not "reasonably calculated to lead to the discovery of information bearing on the claims" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011]). Whether Hunnewell and a third party had an understanding of an "obligation" to reach a value for the Fisher Island Assets, is irrelevant to resolving the question of whether the valuation actually reached by Deloitte was "flawed" or otherwise violative of the parties' agreement.
Mitigation of Damages
Deloitte's request number two (Deloitte req. no. 2) additionally seeks documents related to Section 4.5(d) of the Deed of Termination, which requires plaintiff to pursue certain remedies in the event the final valuation (completed by Deloitte) was "grossly negligent" or contained manifest error. Hunnewell purportedly refuses to produce records regarding compliance with Section 4.5(d) and objects on the grounds that the information sought does not relate to a viable counterclaim in this action. At the time of the Rule 14 conference, Deloitte had not yet re-asserted its dismissed counterclaim for failure to mitigate damages, making Deloitte's request for discovery on its dismissed claim improper.
The court takes judicial notice of Deloitte's Amended Answer with Affirmative Defenses and Counterclaim filed on July 12, 2024 (NYSCEF doc. no. 71). Deloitte, in its Fourth Affirmative Defense, asserts the defense of Failure to Mitigate. The filing of the claim disposes of the argument that the discovery sought is premature. Deloitte's request for disclosure of records reflecting compliance with Section 4.5(d) of the Deed of Termination is granted.
Sale of Fisher Island Assets
Finally, in Deloitte's request number 3 (Deloitte req. no. 3), defendant sought disclosure of documents and communications relating to efforts to dispose or sale of the subject assets, or in the alternative, a statement that no efforts to dispose of or sell the assets had occurred. The basis for this request arises from Hunnewell's complaint, where it is alleged that "[j]ust nine months before the January 31, 2018 effective date for Deloitte's valuation, real estate giant CBRE Capital had entered a binding commitment to sell the Assets for at least $450 million. And multi-billion-dollar real estate developer Concord Wilshire Capital, LLC had offered to buy the Assets [*4]in December of 2017 for over $373 million..." (NYSCEF doc. no. 71, para. 45). Given the amended complaint states that the offers were "patently insufficient" to plaintiffs (id.), it is clear to this court that those offers for purchase of the assets represent evidence necessary to not only evaluating the sufficiency of Deloitte's evaluation, but also material to Hunnewells' state of mind in assessing Deloitte's evaluation and discerning the Fisher Island Assets' value. The court at this juncture is not concerned with the ultimate admissibility of the evidence at trial, but with the discovery of information, which at this juncture, under CPLR 3101(a), is liberally construed (In re Steam Pipe Explosion at 41st St., 127 AD3d at 555). Deloitte's request for a full disclosure of information relating to any prior offer, responses, and valuations of the assets is granted, with limitation as to scope. Hunnewell shall be obligated to provide any responsive information commencing in 2015 to the present.
Accordingly, it is hereby
ORDERED that within 45 days from the date of this order, Hunnewell shall produce the following documents and information:
1. supplemental response to Deloitte's first request for the production of documents seeking information arising out of the UK suit, including witness statements along with any other related documents testified to by said witnesses;
2. supplemental response to Deloitte's request number four, including full disclosure of documents and communications related to the "Annex" to the Deed of Termination;
3. supplemental response to Deloitte's request number two, providing records reflecting compliance with Section 4.5(d) of the Deed of Termination; and a
4. supplemental response to Deloitte's request number three, providing information relating to any prior offer, responses, and valuations of the Fisher Island assets for the period of 2015 to the present; and it is further
ORDERED that the remaining Rule 14 disputes and requests for disclosure addressed in the parties discovery correspondences are otherwise denied.
DATE September 12, 2024
ROBERT R. REED, J.S.C.