Matter of Arad 2 LLC v Hamo (2024 NY Slip Op 51265(U))

[*1]

Matter of Arad 2 LLC v Hamo

2024 NY Slip Op 51265(U)

Decided on September 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2024
Supreme Court, New York County

In the Matter of the Application of Arad 2 LLC, 
 DIRECTLY IN ITS OWN RIGHT AND DERIVATIVELY AS A MEMBER OF 4053-4057 BX, LLC, AND ARAD LLC, 
 DIRECTLY IN ITS OWN RIGHT AND DERIVATIVELY AS A MEMBER OF 4001 BX, LLC AND DAVID ARAD, Plaintiff,

against
Gadi Ben Hamo, MOUNT SINAI PROPERTIES, INC. (A/K/A MT. SINAI PROPERTIES, INC.), 4053-4057 BX, LLC,
4001 BX, LLC, Defendant.

Index No. 656951/2020

Robert R. Reed, J.

This is an action between family members for dissolution, breach of contract, breach of fiduciary duty and declaratory relief. On this Commercial Division Rule 14 application, plaintiff seeks a protective order, pursuant to CPLR 3103(a) and CPLR 2201, to stay depositions and to compel disclosure of withheld communications.
Plaintiffs submit that on March 20, 2024, they served defendants with a demand for records relating to a consumer fraud settlement between defendant Gadi Ben Hamo and the City of New York. It is alleged that the settlement was entered to resolve a $1.8 million fraud claim commenced by the City. In that action, the City alleged that Gadi Ben Hamo, along with his son Aharon Ben Hamo, provided false information to financial institutions, used false advertising and deceived customers at their used car dealerships in Bronx County, New York. One of the dealerships involved in the suit allegedly occupies three properties at issue in this litigation.
Upon learning of the suit, plaintiffs demanded disclosure of records and information related to the settlement. Defendants object. According to defendants, the settlement information demanded is irrelevant to a determination of the issues before this court, because the City settlement involved acts that took place after commencement of this suit, and do not involve facts or legal claims similar to the ones at issue here. Further, defendants submit that the factual allegations of the City settlement do not ultimately implicate the property or rental value of the properties subject to this dispute, and do not involve claims effecting the ownership or management of the limited liability companies involved herein. According to defendants, the information sought is nothing more than inadmissible character evidence and should not be the subject of disclosure.
Generally speaking, and as applicable to discovery in every litigation, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The words, "'material and necessary,' are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (id. at 407 [internal quotation marks and citation omitted]).
Evidence of other lawsuits and claims is discoverable when it speaks to questions of causation and notice (In re Steam Pipe Explosion at 41st St., 127 AD3d 554, 555—56 [1st Dept 2015]). The admissibility of such evidence is not a factor for the court to address in discovery (id. citing, Dattmore v Eagan Real Estate, 112 AD2d 800 [4th Dept.1985] [permitting discovery of records concerning prior accidents, noting that even if they are ultimately found to be inadmissible, "this is not the test for disclosure under CPLR 3101(a), which is to be liberally construed"]). Rather, the question as to whether the lawsuit information is discoverable, involves an assessment of whether it is "material and necessary" and bears on facts in the controversy (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
It is not uncommon that parties challenge the disclosure of documents and information related to a settlement. CPLR §4547 is often cited for the proposition that information obtained during settlement proceedings is privileged. However, the statute expressly states that "(t)he provisions of this section shall not require the exclusion of any evidence, which is otherwise discoverable, solely because such evidence was presented during the course of compromise negotiations. Furthermore, the exclusion established by this section shall not limit the admissibility of such evidence when it is offered for another purpose " (id.).
Accordingly, documents relating to settlement are admissible for purposes other than proof of liability, and discoverable if they are material and necessary to the prosecution or defense of an action (id.; Am. Re-Ins. Co. v U.S. Fid. & Guar. Co., 19 AD3d 103, 104 (1st Dept 2005), citing, CPLR 3101[a]; Masterwear Corp. v Bernard, 298 AD2d 249, 250 [1st Dept 2002] and 3 AD3d 305 [2004]). The question for this court is whether the information sought from the City settlement is material and necessary to resolving a justiciable issue in this case.
Presently, this is an action for dissolution and breach of fiduciary duty, premised upon a claim that the managing member of jointly held limited liability companies is mismanaging and mishandling the companies, while engaging in impermissible self-dealing. To the extent that information exists, which speaks to the handling of properties owned by companies that are the subject of this suit, such information is discoverable. The words 'material and necessary' are liberally construed (Allen v Crowell—Collier Publ. Co., 21 NY2d at 406).
Accordingly, it is hereby
ORDERED that defendants shall serve a supplemental response to plaintiffs' demand for documents related to the consumer fraud settlement dated March 20, 2024, and disclose all non-privileged records within their custody, possession and control within 45 days from the date of this order; and it is further
ORDERED that all outstanding demands, served by either party, shall be fully responded to within 45 days from the date of this order; and it is further
ORDERED that plaintiffs' request for a stay of depositions is denied. Depositions shall [*2]be scheduled and proceed after the completion of document discovery.
DATE September 12, 2024
ROBERT R. REED, J.S.C.