361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc. (2024 NY Slip Op 05550)

361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc.

2024 NY Slip Op 05550

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 651150/17 Appeal No. 3009-3010 Case No. 2023-04126, 2023-04611 

[*1]361 Broadway Associates Holdings, LLC, Plaintiff-Respondent,
v
Foundations Group I, Inc. Formerly Known as Foundations Group, Inc., Defendant-Appellant.

Law Office of Joseph J. Hocking LLC, New York (Joseph J. Hocking of counsel), for appellant.
Rich, Intelisano & Katz, LLP, New York (Daniel E. Katz of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 7, 2023, which denied defendant's motion to extend the deadline for filing the note of issue, unanimously affirmed. Order, same court and Justice, entered on or about July 24, 2023, which denied defendant's motion to vacate the note of issue, unanimously affirmed, with costs.
The motion court providently exercised its discretion in denying defendant's motion for a further extension of the deadline for filing the note of issue, taking into account the length of time the action had been pending, the multiple extensions that had already been granted, and the need to avoid undue delay (see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 747 [2000]; First Equity Realty v Harmony Group, II, 187 AD3d 458, 458 [1st Dept 2020]; Don Buchwald & Assoc. v Marber-Rich, 305 AD2d 338, 338 [1st Dept 2003]). Notably, after this Court granted the parties an additional 60 days to complete discovery (361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc., 210 AD3d 548 [1st Dept 2022]), the motion court granted another extension of about five months to complete discovery and file the note of issue. Although the motion court's order marked that deadline as "final" and stated that no further extensions would be granted without a showing that "formal efforts" had been made to compel outstanding discovery from third parties, defendant canceled a scheduled deposition of third-party witnesses and did not move to compel discovery from them.
As to the motion to vacate the note of issue, defendant failed to show that any unusual or unanticipated circumstances requiring additional discovery developed after the filing of the note of issue (see 22 NYCRR 202.21[d]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024