John Doe v Roman Catholic Archdiocese of N.Y.

2026 NY Slip Op 02723

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

John Doe, Plaintiff-Respondent,

v

Roman Catholic Archdiocese of New York, Also Known as Archdiocese of New York, Defendant-Appellant, Saint Augustine &mdash; Our Lady of Victory Parish, etc., et al., Defendants.

Decided and Entered: April 30, 2026

Index No. 70048/20|Appeal No. 6504|Case No. 2025-04883|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.

Laffey Bucci D'Andrea Reich & Ryan LLP, Poughkeepsie (Gaetano A. D'Andrea of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Sabrina Kraus, J.), entered on or about August 1, 2025, which, to the extent appealed from, denied the motion of defendant Roman Catholic Archdiocese of New York, also known as Archdiocese of New York (the Archdiocese) to vacate an order, same court and Justice, entered April 22, 2025, after in camera review, directing the Archdiocese to produce certain documents with specified redactions, and for a protective order, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in declining both to vacate its prior order and to grant the Archdiocese a protective order, and in directing the Archdiocese to produce documents and information related to certain nonparty priests accused of sexual abuse. Plaintiff's claim is not merely that the Archdiocese "'created a culture of laxity' that facilitated [the plaintiff's] abuse" (Nellenback v Madison County, 44 NY3d 329, 336 [2025]). Rather, the argument is that the Archdiocese "engaged in a habit or pattern of conduct when notified with allegations of child sexual abuse committed by members of its clergy. . . . [E]vidence of the [Archd]iocese's deliberate and repetitive practice of silencing accusations, if any, is relevant and could permit an inference that the [Archd]iocese was negligent in this particular instance by failing to act when confronted with allegations of . . . abuse" by the priest alleged to have abused plaintiff in this case (Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 814 [3d Dept 2021]; see S.B. v Roman Catholic Archdiocese of N.Y., 242 AD3d 404, 405 [1st Dept 2025]). Such evidence is discoverable regardless of whether it ultimately will be admissible at trial (see e.g. Matter of Steam Pipe Explosion at 41st St. & Lexington Ave., 127 AD3d 554, 555 [1st Dept 2015], affd 27 NY3d 985 [2016], quoting Mendelowitz v Xerox Corp., 169 AD2d 300, 307 [1st Dept 1991]).

We have considered the Archdiocese's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026